## LOOSE v. TOWNSHIP OF DEERFIELD.

1. EVIDENCE—NEGLIGENCE—PERSONAL INJURIES—DAMAGES.
   In an action for personal injuries, evidence that plaintiff was not working steadily was admissible for the purpose of showing his incapacity by reason of his injuries.

2. SAME—CONCLUSIONS—TRIAL.
   Where the witness stated a fact only, in answer to a question that was objectionable on the ground that it called for a conclusion, no reversible error was committed by the court in allowing the answer to stand.

3. SAME—PAIN AND SUFFERING—HEARSAY—DECLARATIONS.
   Where witness was asked how many times he had heard plaintiff complain of his back hurting him, since he was hurt, it was not error for the court to receive the answer, since such statements are acts rather than declarations, and are not regarded as hearsay.

4. SAME—ADMISSIONS OF DRIVER—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
   Admissions by the driver of the car in which plaintiff was riding when injured, made some time after the accident occurred, and not in the presence of plaintiff, are not admissible as substantive evidence, although admissible for the purpose of impeachment.

5. SAME—HIGHWAYS AND STREETS—EXPERT WITNESSES—MUNICIPAL CORPORATIONS.
   The question of the construction and condition of a country highway is a subject which does not require expert testimony to enable a jury to decide whether it was reasonably safe, and no error was committed by the court in rejecting expert testimony. *Harris* v. *Township of Clinton*, 64 Mich. 447.

6. MUNICIPAL CORPORATIONS—HIGHWAYS AND STREETS—CONTRIBUTORY NEGLIGENCE.
   Where plaintiff was injured when an automobile in which he was riding plunged into an excavation in a public highway, which was not guarded by lights or barriers, the driver was not guilty of contributory negligence, as mat-

ter of law, in proceeding, after slowing down and taking such precautions as the situation to him appeared to demand.

7. TRIAL—CONDUCT OF COURT—JURY—ABSENCE OF COUNSEL FROM COURT ROOM.

Where the jury came into court after deliberating for a time, and indicated that there was some disagreement as to the testimony of certain witnesses, it was not error for the court, during the absence of appellant's counsel from the court room, to cause the testimony of two witnesses to be read, and to omit certain other testimony now claimed by counsel to be material to a correct understanding of the matter in doubt.

Error to Livingston; Miner, J. Submitted October 12, 1914. (Docket No. 71.) Decided July 23, 1915.

Case by Edward C. Loose against the Township of Deerfield for personal injuries caused by an alleged defective highway. Judgment for plaintiff. Defendant brings error. Affirmed.

*William E. Robb* and *W. P. Van Winkle & Son,* for appellant.

*Louis E. Howlett* and *Francis J. Shields,* for appellee.

BIRD, J. Plaintiff was riding with his neighbor in his automobile at a late hour at night on one of the north and south highways of the defendant township, when they came to an intersecting highway which was being converted into a State reward road. At the point of intersection, a cut had been made in the east and west highway about ten inches in depth and nine feet wide, and the dirt had been thrown out on both sides, thereby forming a ridge four or five inches in height on each side of the excavation to receive the gravel. The automobile ran into this excavation, and plaintiff was thrown violently about in the automobile, and as a

consequence suffered injuries for which he claims he should be compensated. The declaration charged the defendant with a failure to keep the highway in reasonable repair and in condition reasonably safe and fit for travel; the particular negligence alleged being its failure to place lights or barriers thereon to warn travelers of the danger. The question was submitted to a jury, and they returned a verdict for the plaintiff of $300. Several reasons are assigned by defendant why the judgment should be reversed. A few of them will be considered.

1. Error is assigned on the admission of the following testimony:

Dennis McCarty, a neighbor of plaintiff, was asked:

(a) "Q. Now, do you know what his condition of health was after he received this injury in June?

"A. I saw he wasn't working steady himself, and had help there on the farm.

"Mr. Van Winkle: I object to that as not tending to prove his condition of health, and move it be stricken out.

"The Court: It may stand.

(b) "Q. At any time when you saw him along through the months and days of June after he got hurt, did you hear him make any exclamations that showed to you that at that time he was in pain?

"A. Why, I noticed when he was talking to me he had difficulty in breathing."

The witness Chester Downer, a near neighbor to plaintiff, was permitted to answer the following question:

(c) "Q. How many times have you heard him during the last summer, since he got hurt, speak of his back troubling him?

"A. Not a great many times."

The answer to question "a" was not wholly immaterial. The fact that plaintiff was not working steadily, and that another was doing his work, was at

least consistent with his claim of incapacity by reason of his injuries.

Question *"b"* was somewhat objectionable as calling for a conclusion, but the answer which it brought forth attempted to state only a fact.

Question *"c"* was not improper. It did not call for narration of past suffering, as is urged, but called for complaints, if any, made by plaintiff of his *then* condition. Such statements are not regarded as hearsay because they are received upon the theory that they are acts rather than declarations. *Hyatt* v. *Adams,* 16 Mich. 180, 200; *Johnson* v. *McKee,* 27 Mich. 471, 473; *Grand Rapids, etc., R. Co.* v. *Huntley,* 38 Mich. 537, 543 (31 Am. Rep. 321) ; *Will* v. *Village of Mendon,* 108 Mich. 251 (66 N. W. 58).

2. Defendant attempted to show as a substantive fact that certain admissions were made by Trollman, the driver, as to the speed of the car. The refusal of the court to admit these is assigned as error. Had the foundation been laid and the admissions offered as impeachment of Trollman, they would have been competent; but as substantive evidence they were not competent because they were made some time after the accident and not in the presence of the plaintiff. *Edwards* v. *Foote,* 129 Mich. 121 (88 N. W. 404).

3. Expert testimony was offered and rejected on the question as to whether the highway at the place of the injury was reasonably safe for automobiles. The question of the construction and condition of a country highway is a subject which does not require expert testimony to enable a jury to decide as to whether it was reasonably safe for the passage of vehicles. And it was not error for the trial court to reject it. *Harris* v. *Township of Clinton,* 64 Mich. 447 (31 N. W. 425, 8 Am. St. Rep. 842).

4. The refusal of the trial court to charge the jury that plaintiff and the driver were guilty of contributory

187 Mich.—14.

negligence as a matter of law is made the ground for an assignment of error. In support of this contention, it is argued that both plaintiff and Trollman knew that the highway in question was being repaired, both admitted seeing the elevation when from 15 to 20 rods away, and that it appeared from the testimony of Trollman that at the rate of speed he was traveling he could have stopped his car in one rod. The testimony of the driver is that, as he approached the highway, he noticed a slight raise in the roadbed, and from its appearance he concluded that it was a recently repaired sluiceway; that he slowed down his car to a speed of six or seven miles an hour to go over it, and did not discover the excavation which lay behind the ridge until he was so close that he was unable to avoid it. It was conceded that there were no lights nor barriers to warn the driver of the danger. The situation as it appeared to the driver was such that he had a right to proceed (*Harris* v. *Township of Clinton,* *supra*), but as to whether in so doing he exercised the care and caution that an ordinarily careful and prudent man would have exercised, under similar circumstances, was a question entirely within the province of the jury.

5. After deliberating for a time, the jury came into court and indicated that there was some disagreement between them as to the testimony of certain witnesses who had testified upon the trial. Thereupon the court ordered the stenographer to read the testimony of two witnesses, after which the jury again retired to their room. This action of the trial court is assigned as error, because it was done in the absence of defendant's counsel, and because certain other testimony should have been read in order to have given them a correct understanding of the matter in doubt. It is sufficient to say of those objections that counsel was aware that the jury were deliberating, and they were

also aware of the fact that such requests are not infrequently made by juries during their deliberations and granted. With this knowledge, if they chose to absent themselves from the courtroom, they are in no position to complain of the trial court because he complied with the request of the jury, nor because he omitted to have read certain other testimony in the record which would have thrown some light on the question about which inquiry was made.

Other errors are assigned, and we have examined them, but find no reversible error in them. The judgment of the trial court is affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred in the result.

The late Justice MCALVAY took no part in this decision.