BRANDT *v.* MUNZ.

1. ARCHITECTS—CONTRACTS—PLEADING—DAMAGES.
   In action by architect for services, where the declaration averred contract and breach by defendant after part performance by plaintiff, and claimed damages in measure of such performance, and case was tried and properly submitted on said theory, defendant's contention that court erroneously permitted recovery on *quantum meruit* is without merit.

2. PARTIES—NONJOINDER.
   In action by architect for services rendered in part performance of contract breached by defendant, latter's claim of nonjoinder of defendants is without merit, where said question was submitted to jury, and evidence is convincing that parties to action were sole parties to averred contract.

3. ARCHITECTS—CONTRACTS—SERVICES—QUESTION FOR JURY.
   In action by architect for services rendered in part performance of contract breached by defendant, latter's contention that there was contest between architects, that winner alone was to be paid, and that there was no contract to pay plaintiff, *held*, properly submitted to jury under instruction of which defendant may not complain.

4. SAME—TENDER OF PRELIMINARY SKETCHES NOT NECESSARY.
   Where architect, under contract to make plans for theatre building, made preliminary sketches and then was notified by defendant to stop work until further notice, and no further notice was given, architect was not obliged, before bringing action for such services, to tender defendant sketches which were mere evidence of performance.

5. SAME—DAMAGES—EVIDENCE.
   In action by architect for services rendered in part performance of contract breached by defendant, after preliminary sketches were made, evidence of customary charges of architects for similar services was properly received.

6. APPEAL AND ERROR—COUNSEL CONSENTING TO ACTION MAY NOT
   COMPLAIN THEREOF.
   Defendant's counsel, who was present and made no objection
   when judge told juror seen in conversation with one of plain-
   tiff's witnesses that it had been agreed that he be excused
   from jury, may not complain of such action, since on the
   record it may be held that he consented thereto.

7. DAMAGES—EXCESSIVE VERDICT—ARCHITECT'S SERVICES.
   Verdict of $4,000 for architect's services in preparing prelim-
   inary sketches for theatre building afterwards built by another
   architect at cost of more than $400,000, where within range
   of testimony, cannot be said to be excessive.

Error to Wayne; Black (Edward D.), J., presid-
ing. Submitted January 16, 1930. (Docket No. 30,
Calendar No. 34,421.) Decided March 7, 1930.

Assumpsit by Christian W. Brandt against
Charles W. Munz for services as an architect. From
a verdict and judgment for plaintiff, defendant
brings error. Affirmed.

*Frank Day Smith,* for plaintiff.

*Ralph E. Routier,* for defendant.

CLARK, J. In the spring of 1924 defendant owned
the site of the Grand Riviera Theatre in Detroit.
He and others intended to put up a theatre building
on the site to be owned by a corporation to be or-
ganized.

Plaintiff is an architect. Being so requested, he
made plot plans or drawings which were used in a
proceeding to vacate an alley. Then he, being so
requested, made preliminary sketches and drawings
of a theatre building. Several weeks later, and
after a number of conferences, and when the pre-
liminary sketches or drawings were nearly if not

quite completed, defendant told plaintiff to stop all work until further notice. Another architect was engaged, his plan accepted and used, and a theatre erected at a cost of more than $400,000.

Plaintiff's declaration avers a contract with defendant to draw plans for the building and plot plans, that he made the plot plans, which were accepted and used, that when his work toward plans for the building had proceeded to the point when preliminary sketches or drawings were completed, defendant stopped the work, and recovery is sought for that part of the work done, claiming $5,000. Plaintiff had verdict and judgment for $4,000.

Defendant brings error, and contends that plaintiff's single count in declaration is on contract, and that the court erred in permitting trial and recovery on *quantum meruit* or as upon common counts.

The declaration avers a contract, breach by defendant after part performance by plaintiff, and it claims damages in measure of such performance. The case was tried on the theory of the declaration, and was properly submitted on such theory.

Defendant also urges nonjoinder of defendants, and that if there is to be recovery it must include his associates or proposed incorporators. There is convincing evidence that parties hereto were sole parties to the averred contract. In any event, the question was submitted to the jury, which was as favorable treatment as defendant might have.

It was defendant's contention that this was a contest between architects, that the winner alone was to be paid, and that there was no contract to pay plaintiff. Plaintiff's plot plans which were used could hardly have such classification. But this issue, too, was left to the jury under instructions of which defendant may not complain.

Defendant notified plaintiff to stop work until further notice. No further notice was given. Another architect was engaged, and the building erected. Before suit plaintiff was not obliged to tender to defendant the sketches, then mere paper, mere evidence of performance. To prove damages plaintiff had evidence of customary charges of architects for similar services. This was properly received. 5 C. J. p. 265.

During the trial a juror was observed in conversation with one of plaintiff's witnesses. Counsel for defendant suggested the fact to the court and requested mistrial. Investigation was neither sought nor made. The record indicates a harmless impropriety. The judge stated to counsel that with their consent the juror would be excused from further sitting in the case. Defendant's counsel declined to consent. The judge said he would not order mistrial. There was further talk. The juror was sent for and told by the judge in the presence of defendant's counsel, who made no objection: "Now, the reason we called you in is that we have agreed that you be excused from the jury." The trial judge states the dismissal was by agreement of counsel. On this record it is held that defendant consented to dismissal of the juror, and therefore will not be heard in contention of error.

We think the verdict not excessive. It is within the range of the testimony, indeed, there is little or no evidence opposed to plaintiff's evidence of value of his services.

It follows that the court did not err in denial of motion for new trial and of motion for judgment notwithstanding the verdict.

We have disposed of all of defendant's "main contentions" discussed in the brief. Counsel who

defend with much diligence and industry have also argued a number of minor points. We have considered them. They do not require reversal. Affirmed.

Wiest, C. J., and Butzel, Potter, Sharpe, North, and Fead, JJ., concurred. McDonald, J., did not sit.