MEYERS *v.* COHEN.

1. CONTRACTS—WORK AND LABOR—REASONABLE VALUE—COMMON COUNTS—PLEADING.

Where plaintiff declared specially on contract and also on common counts for value of five pictures claimed to have been painted for defendants under contract and refused by them, she was entitled to recover reasonable value thereof, where supported by evidence, although there was no evidence of contract price.

2. APPEAL AND ERROR—WEIGHT OF EVIDENCE—MOTION FOR NEW TRIAL.

Supreme Court does not consider claim that finding of court was against great weight of evidence, in absence of motion for new trial.

3. CONTRACTS—EVIDENCE—SUFFICIENCY.

Finding of trial court that contract was made for plaintiff to paint certain pictures for defendants' theatre, *held*, supported by evidence.

Appeal from Wayne; Pugsley (Earl C.), J., presiding. Submitted June 15, 1932. (Docket No. 145, Calendar No. 36,086.) Decided September 16, 1932.

Assumpsit by Eloise Meyers against Ben Cohen and another, individually and as copartners doing business as Hollywood Theatre, for paintings. Judgment for plaintiff. Defendants appeal. Affirmed.

*McClear & Caniff,* for plaintiff.

*Finkleston, Lovejoy & Kaplan (Howard C. Chilson,* of counsel), for defendants.

McDONALD, J. The plaintiff recovered a judgment in the circuit court for the reasonable value of five pictures which she claims to have painted on order of the defendants for use in the decoration of the Hollywood theatre, then under construction in the city of Detroit, Michigan.

The plaintiff is an artist. It is her claim that she had a contract with the defendants to paint 11 pictures which they desired to hang on the walls of the Hollywood theatre; that after she had completed five of the paintings they refused to accept them and bought elsewhere.

The defendants deny the contract. They claim that the plaintiff expressed a desire to paint the pictures; that defendant Ben Cohen told her if she produced any that they could use they might buy one or two of them; that she presented five, none of which was satisfactory, and they refused to accept them.

The issue was tried by the court without a jury. In his findings he determined that a contract was made with the plaintiff for the painting of 11 pictures; that no definite price was agreed upon; and that she was entitled to a judgment for the reasonable value of the five paintings which she had completed. From the judgment entered the defendants have appealed.

It is the contention of the defendants that the plaintiff cannot recover under the pleadings and the proofs.

The declaration was upon the common counts and specially on a contract to paint 11 pictures for the defendants at an agreed price of $500 each. With applicable proofs under this declaration the plaintiff would be entitled to recover either the contract price or the reasonable value of her work. There was no evidence of contract price, but there was evidence

of reasonable value, so the court held that she could recover under the common counts. He was right in so holding. *Corman Co.* v. *L. A. Young Industries,* 231 Mich. 628; *Brandt* v. *Munz,* 250 Mich. 172.

On the question of the existence of a contract between the parties, it is claimed by the defendants that the finding of the court is against the great weight of the evidence. We do not consider this claim, because there was no motion for a new trial. There was ample evidence of a substantial character to support the court's finding in respect to the contract. An analysis of the testimony would serve no useful purpose.

The case was tried on the theory that if the plaintiff established the contract by a preponderance of the evidence she was entitled to the reasonable value of the paintings which she had completed and which the defendants refused to accept. Both parties produced evidence as to their value. The paintings were made for a particular purpose and of specified sizes. It was not possible to determine their market value with any reasonable degree of accuracy. Four expert witnesses on values were called and sworn, three by the plaintiff and one by the defendants. Their testimony as to the actual value of the five paintings ranged from $800 to $3,000. After hearing and considering their testimony, the court determined $1,625 to be the reasonable value. The record shows no reason for disturbing his finding.

The judgment is affirmed, with costs to the plaintiff.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.