## PEOPLE v PALMER

1. RAPE—RESISTANCE—FEAR—EVIDENCE.

   Although the degree of resistance required to be shown in rape cases is generally said to be resistance to the utmost, a failure to resist is excused if the will of the prosecutrix was overcome by fear of the defendant (MCLA 750.520).

2. CRIMINAL LAW—ALIBI—REBUTTAL WITNESSES—FAILURE TO DISCLOSE—HARMLESS ERROR.

   A defendant's timely pretrial motion for mandatory disclosure of the names of alibi rebuttal witnesses was erroneously denied, but where the only rebuttal witness called by the people was a witness whose identity was known to defendant's attorney before trial and no surprise was involved, the error was harmless.

3. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY—IDENTIFICATION—PRESERVING QUESTION.

   The Court of Appeals, as a general rule, will not consider allegations of improper admission of identification testimony unless objections were made in the court below; and where the identification procedure neither gave rise to substantial likelihood of irreparable misidentification nor was so unduly prejudicial as to wholly taint the conviction, there was no reversible error.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—ALIBI.

   An instruction to the jury that the defense of alibi is easily proved and hard to disprove, where in the next sentence the jury was instructed that if the evidence raises a reasonable doubt as to guilt, the defendant must be acquitted, while it tends to be argumentative, is too well established in the jurisprudence of this state to be considered error.

## Appeal from Berrien, William S. White, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 65 Am Jur 2d, Rape § 92.
[2] 21 Am Jur 2d, Criminal Law § 328.
[3] 4 Am Jur 2d, Appeal and Error § 557.
[4] 53 Am Jur, Trial § 650 *et seq.*

mitted Division 3 April 6, 1973, at Grand Rapids. (Docket No. 14945.) Decided May 25, 1973. Leave to appeal applied for.

Wayne J. Palmer was convicted of rape and breaking and entering with intent to commit rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *Edward L. Skinner,* Assistant Prosecuting Attorney, for the people.

*S. Jack Keller,* for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and CHURCHILL,* JJ.

CHURCHILL, J. The defendant was convicted by a jury of rape[1] and breaking and entering with intent to commit rape.[2] On appeal he challenges the sufficiency of evidence of resistance to sustain the rape conviction. The other claimed errors all involve the defense of alibi.

The testimony of the complaining witnesses on the resistance issue may be summarized as follows. On March 4, 1971, she, her husband, and their 1-1/2-year-old son lived in a single-family dwelling house. Her husband was at work and she was home alone with the child. About 3 a.m. she was awakened by a naked man climbing into her bed. The complaining witness and her husband were social friends of the defendant and his wife. She recognized the intruder as the defendant. He smelled of alcoholic beverage. She was terrified

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA 750.520; MSA 28.788.
[2] MCLA 750.110; MSA 28.305.

and was afraid for her life. Furthermore she did not want the child to wake up because it might cause her nocturnal visitor to panic. She made a considered judgment that the best way out of a very bad situation was for her to cooperate with him because, as she testified, she just wanted him to get it done with and get out. The defendant informed the complaining witness that he had a gun on the dresser but this occurred after the completed act so it is not significant on the resistance issue.

Although the degree of resistance required to be shown in rape cases is generally said to be resistance to the utmost, it is well settled that failure to resist is excused if the will of the prosecutrix was overcome by fear of the defendant. *People v Myers,* 306 Mich 100 (1943); *People v Dockery,* 20 Mich App 201 (1969). In our opinion there was sufficient evidence to make it an issue for the jury.

The defendant gave timely notice that at the time of the alleged offense, which occurred in the City of New Buffalo, he was returning home from Michigan City, Indiana, and he called witnesses to support this alibi defense. The defendant's timely pretrial motion for mandatory disclosure of the names of alibi rebuttal witnesses was erroneously denied. He ought not to have even been put to the burden of seeking this information. *People v Rose,* 268 Mich 529 (1934); *People v Quick,* 58 Mich 321 (1885); *People v Smith,* 257 Mich 319 (1932). The only rebuttal witness called by the people was a witness whose identity was known to the defendant's attorney before trial, and who the defendant's attorney had good reason to believe would be called. There was absolutely no surprise involved, so the error was non-prejudicial, and appellate relief for this error would be inappropriate. *People v Lauer,* 41 Mich App 4 (1972).

On direct examination during the people's case-in-chief a local policeman testified that he went to local taverns in the process of investigating the complaint, and that he had with him a picture. At the request of the defendant's attorney there was an off-the-record bench conference. There was no further reference to a picture until cross-examination of the defendant's mother when she was called by the defendant. Without objection the prosecuting attorney developed testimony from her that she had gone to the same tavern and, using a different and much earlier picture of her son, discussed with Mrs. Priest her identification of the defendant. Still without objection the prosecuting attorney elicited testimony that Mrs. Priest had told the defendant's mother that the police had been there with a picture of the defendant which Mrs. Priest had recognized as a picture of the man who had been in the tavern shortly before the alleged offense. This damaging testimony was not brought out abruptly and there was ample opportunity for the defendant to prevent its admission.

Mrs. Priest, who sat in the courtroom during the entire trial, made an in-court identification of the defendant. There was no motion to have her sequestered and there was no effort by the defendant to have her identification testimony suppressed as having been obtained by improperly suggestive means.

Scrutinized in light of the totality of circumstances, the identification procedure does not give rise to substantial likelihood of irreparable misidentification nor was the procedure so unduly prejudicial as to wholly taint the conviction. Furthermore, as a general rule, this Court will not consider allegations of improper admission of identification testimony unless objections were made in

the court below. *People v Council,* 36 Mich App 682 (1971); *People v Schram,* 23 Mich App 91 (1970). We find no reversible error here.

On appeal the defendant urges that the court erred in instructing the jury that the defense of alibi is easily proved and hard to disprove, and that the jury should be careful in examining the evidence bearing on it, pro and con. In the next sentence the jury was instructed that if the evidence raises a reasonable doubt as to guilt, he must be acquitted. The instruction tends to be argumentative but its use is too well established in the jurisprudence of this state to be considered as error. See *People v Falkner,* 36 Mich App 101 (1971), and the cases cited therein.

During the course of his instruction, the judge used the expression "because no one saw him break into the place". The defendant claims this was a judicial inference that it was the defendant who was there. Reading the instruction in its entirety, it is clear that the trial judge was not attempting to influence the jury's determination of this critical issue nor would the jury conclude that he was.

We find no single reversible error nor any composite of claimed errors which denied defendant a fair trial. Therefore, his conviction is affirmed.