PEOPLE v CLYBURN

1. Criminal Law—Appeal and Error—Jurors—Dismissal—Preju-
   dice.

   A defendant who cannot show that he was prejudiced by the trial
   court's dismissal of a juror, even though the dismissal may
   have been improper because the grounds for a challenge for
   cause were insufficient, by having agreed to the procedure
   followed by the trial court may be held on the record to have
   consented to the dismissal of the juror and therefore will not be
   heard in contention of error.

2. Criminal Law—Fair Trial—Judicial Impartiality.

   A trial court did not depart from that standard of judicial
   impartiality which protects a defendant's right to a fair trial by
   assisting defense counsel while seeking to examine the defend-
   ant witness concerning his prior criminal convictions in formu-
   lating a question which elicited a prior adult conviction, but
   avoided references to defendant's transgressions as a minor,
   where no compulsion was exerted, and the court merely pro-
   tected the record while aiding defense counsel.

3. Criminal Law—Trial—Presence of Judge—Preserving Ques-
   tion.

   The presence of the judge in the courtroom while a trial is in
   progress is to be expected, but his absence during noncritical
   stages of the trial will not constitute reversible error unless it
   clearly appears that prejudice has resulted to the defendant;
   there was no prejudice where the trial judge was once absent
   while testimony of witnesses was being read to the jury in
   response to their request and was again absent during a day of
   jury deliberations to attend a funeral after arranging for an-

---

References for Points in Headnotes

[1] 4 Am Jur 2d, Appeal and Error § 508.
     5 Am Jur 2d, Appeal and Error § 789.
[2] 53 Am Jur, Trial § 540.
[3] 53 Am Jur, Trial § 637.
     5 Am Jur 2d, Appeal and Error § 545 et seq.
[4] 53 Am Jur, Trial §§ 21, 23.
[5] 53 Am Jur, Trial § 1009.

other judge to take the verdict if one was reached in his absence, and in both cases defendant and his attorney stated they had no objections and agreed to proceed.

4. CRIMINAL LAW—TRIAL—CONFERENCES—PRESENCE OF DEFENDANT.

An in-chambers conference to discuss matters of procedure or law attended by defendant's counsel, to which the defendant raises no objection, does not violate the defendant's right to be present during his trial; a defendant's presence at conference is required only where his substantial rights may be affected.

5. CRIMINAL LAW—VERDICT—FORM OF VERDICT.

A jury is not required to restate all of the statutory language defining the offense when rendering a verdict; therefore, where defendant was charged with breaking and entering a business place with intent to commit larceny and the jury found him guilty "as charged" and upon being polled each juror responded affirmatively when asked if he found the defendant guilty "of the charge of breaking and entering a business place, as the people have charged", there is no basis for the claim that the verdict was for breaking and entering a business place, a misdemeanor, under another statute.

Appeal from Wayne, James Montante, J. Submitted Division 1 June 28, 1974, at Detroit. (Docket No. 18347.) Decided September 11, 1974.

Joseph W. Clyburn was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Brian D. Marzec,* Assistant Prosecuting Attorney, for the people.

*Kratchman & Kratchman, P. C.,* for defendant.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Danhof, J. Defendant was tried jointly with a codefendant before a jury. He was convicted of breaking and entering with intent to commit larceny, MCLA 750.110; MSA 28.305, and sentenced to five to ten years in prison. He appeals raising a number of issues which relate primarily to certain procedural aspects of his trial. We affirm.

I

On the second day of trial, one of the jurors informed the court that he was acquainted with defendant Clyburn's father. The juror explained that he was not made aware of this association until he got a telephone call from the defendant's uncle on the preceding evening. The court suggested to the juror that it might be best if he were removed from the jury, and the juror replied, "I would rather be off of it". Defendant's trial counsel and the defendant himself affirmatively stated on the record that they had no objection to the juror's removal. The juror was discharged and the defendant expressed his gratitude that this action had been taken. Now, defendant's appellate counsel contends that the trial court erred by excluding this juror because the information revealed by him did not constitute sufficient grounds for a successful challenge for cause.

An appellate court will hesitate to interfere with the trial court's exercise of its discretion in dismissing a juror when the reason for doing so is discovered after the jury is impaneled. The trial court is in a better position to investigate and pass upon the juror's qualifications. *People v Anglin,* 6 Mich App 666, 674; 150 NW2d 532, 536 (1967), *lv den* 379 Mich 780 (1967). The trial court's discretion is not unlimited; "But error does not necessarily follow when the court through abundance of

caution to secure an impartial jury excuses a juror on ground not technically sufficient to support a challenge for cause, as it would in retaining one who is challenged and ought to have been rejected". *Church v Stoldt,* 215 Mich 469, 475; 184 NW 469, 471 (1921).

If it is assumed that even under this standard the dismissal was improper because the grounds for a challenge for cause were insufficient, defendant's conviction will not be reversed unless it can be shown that he was prejudiced thereby. *People v Fowler,* 104 Mich 449, 451; 62 NW 572, 573 (1895); *Lee v Misfeldt,* 1 Mich App 675, 679; 137 NW2d 753, 755 (1965), *lv den* 377 Mich 702 (1966). Defendant in the case at bar cannot show that he was prejudiced; he agreed to the procedure followed by the trial court. "On this record it is held that defendant consented to dismissal of the juror, and therefore will not be heard in contention of error". *Brandt v Munz,* 250 Mich 172, 175; 229 NW 463, 464 (1930).

## II

Following dismissal of the juror, the prosecution presented the rest of its case which included substantial evidence of the defendant's guilt and about which no issue is directly raised on this appeal. The defense opened with the testimony of defendant Clyburn. His counsel sought to examine defendant concerning his prior criminal convictions, a trial strategy often followed by defense attorneys who believe it less damaging to present this information to the jury before the prosecution does so in cross-examination. Defendant's responses to these questions made reference to prior juvenile offenses. The trial judge prevented further testimony concerning defendant's juvenile record,

and later he assisted defense counsel in formulating a question which elicited information about a second adult conviction but which avoided discussion of any of defendant's transgressions as a minor.

On appeal, defendant contends that the court compelled his trial counsel to reveal the second conviction to the jury thereby depriving him of a fair trial. The record does not support the defendant's contention. The trial judge exerted no compulsion, he merely protected the record while aiding defense counsel in an attempt to clarify matters previously disclosed to the jury. The trial court did not depart from that standard of judicial impartiality which protects a defendant's right to a fair trial. *People v Watson,* 52 Mich App 211, 215; 217 NW2d 121, 123 (1974).

## III

Twice during the proceedings the trial judge absented himself from the courtroom. Defendant argues that reversible error was committed on both occasions. We do not agree.

The first absence occurred while the testimony of three witnesses was being read to the jury in response to their request made after they had begun deliberations. The trial judge asked the defendant and his counsel whether or not they had any objection to his remaining in chambers to attend to other court business while the reporter read the testimony. Defendant and his lawyer positively stated that they had no objection.

The trial judge also absented himself during the second day of jury deliberations to attend a funeral. He explained to all parties that he had arranged for another judge to take the verdict if

one was reached during his absence. Again, the defendant and his attorney agreed to proceed under these circumstances. During the trial judge's absence, the jury did in fact reach a verdict which was taken by a substitute circuit court judge.

Despite express agreement to both absences, defendant now alleges error constituting grounds for reversing his conviction. These absences did not occur during the taking of evidence or the arguments of counsel. Although the presence of the judge in the courtroom while the trial is in progress is to be expected, his absence, even during more critical stages of the trial than those under consideration here, will not constitute reversible error unless it clearly appears that prejudice to the defendant has resulted. *People v Morehouse,* 328 Mich 689, 692; 44 NW2d 830, 832 (1950), *cert den,* 341 US 922; 71 S Ct 739; 95 L Ed 1355; *People v Margelis,* 246 Mich 459; 224 NW 605 (1929); *People v Kimbrough,* 193 Mich 330; 159 NW 533 (1916). Under the facts of this case, we do not find prejudice to the defendant; rather, we find waiver of any objection. *State Highway Commissioner v Gulf Oil Corp,* 377 Mich 309, 314; 140 NW2d 500, 502–503 (1966).

## IV

In response to a note from the jury indicating that they had reached a verdict as to defendant Clyburn, but not as to his codefendant, a meeting was held in the chambers of the substitute circuit judge. The attorneys agreed to accept the verdict as to defendant Clyburn and then to allow the jury to continue its deliberations. Defendant now claims that it was reversible error to hold this in-chambers meeting when he was not present.

An argument similar to that raised by defendant

here was refuted in *People v Plozai,* 50 Mich App 131, 134; 212 NW2d 721, 723 (1973). Even though a timely objection had been raised, it was held "that defendant's presence at conference is required only where his substanital rights may be affected". In the case at bar, not only were defendant's substantial rights unaffected by the conference, but no objection to the conference was made. An in-chambers conference to discuss matters of procedure or law attended by his counsel to which the defendant raises no objection, does not violate defendant's right to be present during his trial and does not constitute reversible error. *People v Bowman,* 36 Mich App 502; 194 NW2d 36 (1971), *lv den* 386 Mich 783 (1972); *People v Carroll,* 49 Mich App 44; 211 NW2d 233 (1973).

## V

Defendant's final assertion is that the jury's verdict was void because, although he was charged with breaking and entering a business place with intent to commit larceny, MCLA 750.110; MSA 28.305, the jury found him guilty of breaking and entering a business place, MCLA 750.115; MSA 28.310, a misdemeanor. Examination of the trial transcript discloses that the jury found the defendant guilty "as charged". In order to clarify the verdict, the jury was polled and each juror responded affirmatively when asked if he found "the defendant Joseph Clyburn guilty of the charge of breaking and entering a business place, as the people have charged?" The defendant was not charged with the misdemeanor, the judge did not instruct as to it, nor was such an instruction requested by the defense counsel who argued that the only possible verdicts were guilty or not guilty of the felony.

The language used by the jury can only be interpreted to mean that they found the defendant guilty of breaking and entering with intent to commit larceny as charged. The jury was not required to restate all of the statutory language when rendering the verdict. *People v Levey,* 206 Mich 129; 172 NW 427 (1919). Although given an opportunity, defendant did not question the nature or the form of the verdict at trial. He cannot do so now.

Affirmed.

All concurred.