## PEOPLE v SOLOMON

Docket No. 29169. Submitted December 19, 1977, at Detroit.—Decided
February 24, 1978.

Willie R. Solomon was convicted of carnal knowledge of a female
over the age of 16, under the old rape statute in Recorder's
Court of Detroit, Justin C. Ravitz, J. Defendant appeals. *Held:*

1. The trial court properly admitted into evidence at trial
over the defendant's objection evidence of a photographic show-
up and of a corporeal lineup where a review of the record of
the trial and the record of the preliminary examination shows
that the evidence had not been suppressed by the examining
magistrate as argued by defense counsel.

2. There was no abuse of discretion in the trial court's
refusing to read to the jury, after they had begun deliberations,
a portion of the transcript of the complaining witness's testi-
mony where the request was ambiguous and asked for too
much.

Affirmed.

1. CRIMINAL LAW—EVIDENCE—PHOTOGRAPHIC SHOW-UP—PRELIMI-
NARY EXAMINATION—MAGISTRATE—SUPPRESSION OF EVIDENCE.

Admission of evidence of a pretrial photographic show-up over a
defendant's objection which claimed that that evidence had
been suppressed by a magistrate at the defendant's preliminary
examination was not error where a careful reading of the
preliminary examination transcript shows that neither did the
examining magistrate intend nor did defense counsel believe
that the photographic show-up evidence had been suppressed
and no objection was raised at the preliminary examination to
that evidence.

2. CRIMINAL LAW—EVIDENCE—CORPOREAL LINEUP—PRELIMINARY EX-
AMINATION—MAGISTRATE—SUPPRESSION OF EVIDENCE.

Admission of evidence of a corporeal lineup over a defendant's

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 225, 449.
[3] 17 Am Jur 2d, Continuance §§ 2, 32.
[4, 5] 76 Am Jur 2d, Trial §§ 1041–1043.

objection which claimed that that evidence had been suppressed by a magistrate at the defendant's preliminary examination was not error where the admissibility of the corporeal lineup evidence was not fully and fairly presented for determination at the preliminary examination.

3. CRIMINAL LAW—ADJOURNMENT—ALIBI DEFENSE—SUA SPONTE ADJOURNMENT.

A trial court was not required *sua sponte* to grant an adjournment so that a notice of alibi defense could be given where the defendant was offered an opportunity to request an adjournment and failed to do so.

4. TRIAL—READING TESTIMONY TO JURY—DISCRETION OF TRIAL COURT.

As a general rule, both the reading of testimony to a deliberating jury in response to its request and the extent of the reading are matters within the discretion of the trial court; however, the trial court must exercise its discretion to assure fairness, refusing only unreasonable requests, and the trial court cannot refuse to grant a jury's request simply for fear of unduly emphasizing the testimony of one witness.

5. CRIMINAL LAW—TRIAL—READING TESTIMONY TO JURY—DISCRETION OF TRIAL COURT—AMBIGUOUS REQUEST.

It was not an abuse of a trial court's discretion to refuse a deliberating jury's request for a rereading of a portion of the transcript where the trial court found that the request was ambiguous and asked for too much and was, therefore, unreasonable, and where the judge indicated to the jury that they could raise the issue again if they were unable to resolve the problem among themselves.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Craig L. John,* Assistant Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, for defendant on appeal.

Before: BASHARA, P. J., and BEASLEY and D. E. HOLBROOK, JR., JJ.

Per Curiam. Defendant was convicted by a jury of carnal knowledge of a female over the age of 16 under the *old* rape statute, MCLA 750.520; MSA 28.788. The offense involved the alleged rape of a downtown Detroit motel lifeguard on February 2, 1975. Defendant was sentenced to a term of not less than 24 nor more than 30 years in prison. He appeals as of right.

Defendant first claims that where, at preliminary examination, the magistrate suppresses a pretrial photographic show-up and a corporeal lineup, that it is error for the trial court to admit such evidence at trial.

The record indicates that the trial court ruled fully on the objection when it was raised by defendant at trial, as follows:

"The Court is satisfied that a full reading of the Examination transcript makes it plain that Judge Heading was asking each side whether they wanted it suppressed or not on the motion of Mr. Feinberg. And that his words, when he first inquired was, 'Do you want that testimony suppressed now or not?' And the Defense indicated that it did. The prosecution originally objected. The Court indicated, 'Well, now the testimony is in Court. She pointed him out. There is the man.' The Court went on to say that she identified him in Court without the show-up. He asked the Prosecutor, 'Do you want the show-up in or out?' The Prosecutor said, 'It doesn't matter.' The Court said to Mr. Feinberg, 'Do you want it suppressed?' Mr. Feinberg said, 'Yes.' The Court said, 'All right. It is suppressed.' And went on to bind the Defendant over based upon the in-court identification.

"I think that what's clear from the examination transcript is that Judge Heading suppressed it for purposes of his decision and that he did not rely upon it. I think that it is more than foolish for anyone to think that the somewhat cavalier manner in which it was handled at the Examination is in any way an order

to suppress the line-up identification for purposes of trial. I think that Michigan law is clear that a motion to suppress has to be brought prior to trial. There's been no motion before me. There's no order in the file indicating that the line-up is suppressed for purposes of trial. And I think for counsel to have relied upon that rather spur of the moment decision by the Examining Magistrate is misguided to say the least. And certainly this Court is not bound by that there having been no further motions or hearings or orders. The objection is overruled."

Careful reading of the preliminary examination transcript indicates that defendant is wrong in claiming suppression of the photographic show-up; no objection was raised at preliminary examination to the photographic show-up evidence. It seems clear that neither did the examining magistrate intend nor did defense counsel believe that the photographic show-up evidence had been suppressed.

With respect to the corporeal lineup, careful review of the preliminary examination transcript does not indicate that the question of admissibility of the corporeal lineup evidence was fully and fairly presented.[1] As the trial court noted, treatment of that question was rather cavalier. The admissibility of the corporeal lineup evidence was not fully and fairly presented for determination at the preliminary examination. Consequently, we find no error in admission of this evidence by the trial court.

Further support for denying defendant's claim for reversal in this connection is the fact that there was no motion before trial to suppress the

---

[1] In *People v Gray*, 393 Mich 1; 222 NW2d 515 (1974), the Supreme Court said that where a *Walker* hearing was held, no good purpose is served by relitigating the question of voluntariness if that matter has been *fully and fairly presented* for determination.

lineup evidence. Although at trial, defense counsel claimed that he was unfairly surprised and prejudiced by the refusal of the trial court to apply the alleged ruling of the magistrate, the record indicates that he did not seek an adjournment to afford additional time to prepare this defense, even though earlier in the proceedings the trial court had indicated a willingness to adjourn the trial for some three weeks so that notice of an alleged alibi defense could be given. We conclude that the trial court did not err in finding that it was not bound by the alleged decision of the magistrate.

Defendant also claims that he was improperly denied assistance of counsel at both the pretrial photographic show-up and the corporeal lineup and that the procedures followed in both instances were so impermissibly suggestive as to taint the in-court identification of defendant and to make admission of such evidence reversible error. Review of the record does not indicate any challenge to the photo show-up previous to the preliminary examination, during preliminary examination, nor any pretrial motion to suppress the photo show-up identification. In fact, the first challenge to the photo show-up is raised on appeal. Therefore, the issue has not been preserved for appeal.[2] Furthermore, the record indicates that attempts were made by the police to contact defendant for the purpose of having him appear for a corporeal lineup. When no response was made, the photo show-up was held instead. This was at a time when defendant was not in custody. Under these circumstances, he had no right to be represented by counsel at that show-up procedure and, further, there has been no showing that the procedure followed at the photo show-up was impermissibly

---

[2] *People v Palmer*, 47 Mich App 512, 515–516; 209 NW2d 710 (1973).

suggestive. His claim of error as to the photo show-up is without merit.

As to defendant's claim that he was denied assistance of counsel at the corporeal lineup, that claim is not supported by the record. The claim was first raised following trial. Trial counsel for defendant at no time, during preliminary examination or at trial, claimed that he had been excluded from the lineup. Furthermore, there is in the court file a voucher for expenses which indicates a charge for an appearance by appointed counsel at the lineup.

We also hold, considering the totality of the circumstances, that defendant's claim that the lineup procedure was improper, where defendant was the only participant in the lineup whose photo had been included in a previous photo show-up, is without merit.[3]

Defendant also claims that the trial court erred in not *sua sponte* granting an adjournment so that a notice of alibi defense could be given.

The record indicates clearly that the trial court recognized his discretion to grant an adjournment. It does not indicate that an adjournment was requested. We hold that the trial court was not required *sua sponte* to grant an adjournment where defendant was offered the opportunity to request an adjournment and failed to do so.

Defendant next contends that it was an abuse of the trial court's discretion to refuse to grant a jury request to rehear certain portions of testimony.

The jury requested: "Original testimony from Plaintiff [complaining witness] on the description of the accused." The trial court was uncertain what the jury wanted. He noted that the complaining witness's testimony had included at "a mini-

---

[3] *People v Morton,* 77 Mich App 240; 258 NW2d 193 (1977).

mal number" probably "four or five references" pertaining to descriptions.

Both counsel concurred in the trial court's feeling that the request should be denied at that time, with the understanding that if the jury could not resolve the matter among themselves, they could repeat the request later. The trial court told the jury:

"Members of the jury, you've requested that some testimony be repeated for you. At this time I'm denying your request and asking that you try to resolve the matter among yourselves. And I'm doing so because I don't wish to highlight part of the testimony to the exclusion of other testimony. So, I'll ask that you please do your best."

As a general rule, both the reading of testimony to a deliberating jury in response to its request and the extent of the reading are matters within the discretion of the trial court.[4] However, that discretion is limited somewhat by *People v Howe,* 392 Mich 670; 221 NW2d 350 (1974), in which it was held that a trial court must exercise its discretion to assure fairness, refusing only unreasonable requests, and that the trial court cannot refuse to grant a jury's request simply for fear of unduly emphasizing the testimony of one witness. The *Howe* Court also held that the jury must be informed that their request would again be considered if they continued to find it necessary to rehear the testimony.

It appears from the record in the instant case that the trial court found that the jury's request was ambiguous and asked for too much and was,

---

[4] *Klein v Waggenheim,* 379 Mich 558; 153 NW2d 663 (1967), People v Walker, 371 Mich 599; 124 NW2d 761 (1963).

therefore, unreasonable. For that reason he denied it. That he did not intend to foreclose a repeat of the request is evidenced by his remarks to trial counsel that: "If they come back with a like request at a later point my inclination at this juncture would be to then seek to have them pinpoint what they're asking for and see if I think we can fairly respond or not." We note also that trial counsel for defendant *agreed* to this approach.

The trial court told the jury that *"at this time"* he was denying their request and that they should *"try to resolve the matter"* among themselves. This was an indication to the jury that they could again raise the matter if they were unable to resolve the problem among themselves.[5]

Finally, defendant claims that certain conduct of the prosecutor deprived defendant of a fair trial and resulted in reversible error. We do not agree.

Affirmed.

---

[5] *Kelin v Waggenheim, supra,* fn 4.