PEOPLE v PERRY

Docket No. 51182. Submitted December 3, 1981, at Detroit.—Decided
April 22, 1982. Leave to appeal applied for.

Mildred V. Perry was charged with first-degree murder and
conspiracy to commit first-degree murder. She was convicted of
second-degree murder and conspiracy to commit second-degree
murder, Wayne Circuit Court, Horace W. Gilmore, J. Defen-
dant appeals, alleging several errors. *Held:*

1. The conviction of conspiracy to commit second-degree
murder is vacated. It was error for the trial court to instruct
the jury on conspiracy to commit second-degree murder because
such a crime does not logically exist.

2. The failure of the trial court reporter to retranscribe the
preliminary examination testimony of a witness as it was read
to the jury was not reversible error where it appears that the
entire testimony was read and no objection to the procedure
was raised at trial.

3. Similarly, it was not error for the court reporter not to
transcribe the contents of tape recordings introduced as exhib-
its and admitted for purposes collateral to a determination of
the defendant's guilt and without objection.

4. A portion of a witness's testimony was reread to the jury
during their deliberations, pursuant to an agreement between
defense counsel and the trial judge. Neither defense counsel
nor the judge was present during this reading. Defendant has
failed to demonstrate that the absence of the judge prejudiced
him. Defense counsel had arranged for members of his staff to

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Conspiracy § 13.
   40 Am Jur 2d, Homicide § 53.
[2, 3] 21 Am Jur 2d, Criminal Law § 430.
   Right of accused in state court to inspection or disclosure of tape
   recording of his own statement. 10 ALR4th 1092.
[4] 75 Am Jur 2d, Trial §§ 45, 46.
[5] 75 Am Jur 2d, Trial § 52.
[6] 5 Am Jur 2d, Appeal and Error §§ 601 *et seq.*
[7] 5 Am Jur 2d, Appeal and Error §§ 833, 883.

be present and the defendant was also present during this reading. No error requiring reversal occurred.

5. The trial court did not abuse its discretion in the manner in which it handled the jury's request for the rereading of certain testimony during deliberations.

6. No manifest injustice is shown requiring review of the admission into evidence of alleged hearsay where no objection was made at trial and no curative instruction was requested.

Affirmed in part, reversed in part.

J. H. GILLIS, J., concurred except for the decision regarding the conviction of conspiracy to commit second-degree murder. He would hold that such a verdict is not error where no objection was made to the instruction given, and because juries are free to render inconsistent verdicts in the exercise of their power to dispense mercy. He would affirm.

OPINION OF THE COURT

1. CONSPIRACY — CRIMINAL LAW — SECOND-DEGREE MURDER.

It is improper to charge a jury as to conspiracy to commit second-degree murder because such a crime cannot logically exist, it being anomalous to speak in terms of planning a crime which by definition is committed without premeditation and deliberation.

2. CRIMINAL LAW — EVIDENCE — RECORDING OF PRIOR TESTIMONY.

The reading of a preliminary examination transcript of a witness's testimony to a jury without the court reporter retranscribing the preliminary examination testimony as it was being read was not error requiring reversal where the entire testimony of the witness was read and where no objection was made at trial to the fact that the testimony was not retranscribed.

3. CRIMINAL LAW — EVIDENCE — TAPE RECORDINGS.

The failure to transcribe at trial the contents of a tape recording admitted into evidence was not error where the tape was admitted for a purpose collateral to a determination of the defendant's guilt and was admitted without objection.

4. CRIMINAL LAW — JUDGE'S ATTENDANCE AT TRIAL.

Generally, the judge's absence during a trial will not constitute error requiring reversal unless the defendant has been prejudiced thereby; where the judge was absent during jury deliberations, during which time a witness's testimony was reread to the jury without objection from defense counsel, and where no

allegation of prejudice has been made, no error requiring
reversal occurred.

5. ATTORNEY AND CLIENT — CRIMINAL LAW — ATTORNEY'S ATTEN-
   DANCE AT TRIAL — COURT RULES.

   Except under certain circumstances, a trial attorney is required
   to be in attendance at all stages of a trial; however, reversible
   error did not occur where defense counsel in a criminal case
   was not present during a rereading of testimony to a jury
   during its deliberations where the rereading was agreed to by
   counsel and the court and where the defendant was present
   along with representatives of the defense attorney (GCR 1963,
   512.4).

6. APPEAL — CRIMINAL LAW — MANIFEST INJUSTICE.

   A defendant is not entitled to appellate review of the admission
   of alleged hearsay testimony into evidence, absent a showing of
   manifest injustice, where no objection to the testimony was
   made at trial and no request was made for a cautionary
   instruction.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY J. H. GILLIS, J.

7. CONSPIRACY — CRIMINAL LAW — SECOND-DEGREE MURDER — AP-
   PEAL.

   A jury verdict, in a trial for conspiracy to commit first-degree
   murder, of conspiracy to commit second-degree murder, even if
   such a crime logically cannot exist, need not be overturned on
   appeal since a jury, as part of its power to dispense mercy, may
   return a verdict for an illogical lesser offense.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *A. George Best, II,*
Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: DANHOF, C.J., and J. H. GILLIS and BRON-
SON, JJ.

PER CURIAM. Following a jury trial, defendant
was convicted of second-degree murder, MCL

750.317; MSA 28.549, and conspiracy to commit murder in the second degree, MCL 750.157a; MSA 28.354(1) and MCL 750.317; MSA 28.549. She was sentenced to two concurrent terms of life imprisonment. Defendant appeals as of right.

Defendant's conviction arose from the shooting death of her husband, Rothbe Elwood Perry. Defendant was tried with one of her codefendants, Robert Jackson. Although tried together, defendant and Jackson had separate juries. Two other codefendants, Michael White and Chare (also known as Charles) Knight, had their cases severed from that of Perry and Jackson.

Some of the issues raised by defendant are similar to those raised in her codefendant's appeal, *People v Jackson,* 114 Mich App 649; 319 NW2d 613 (1982). With regard to these issues, we reach the same result as reached in *Jackson.* Therefore, defendant's conviction of conspiracy to commit second-degree murder is vacated.

Defendant also raises a number of issues which were not addressed in *Jackson.* However, few of these additional issues merit discussion and none of them merit reversal of her conviction for second-degree murder.

In her first issue, defendant argues, *inter alia,* that there was not sufficient evidence to convict her in that the trial court reporter did not record the preliminary examination testimony of a witness, Chare Knight, and did not record the contents of various tape recordings played to the jury. Alternatively, defendant argues that she has been denied a right to appellate review because of the inadequacy of the trial transcript.

We find defendant's arguments to be without merit. Knight's testimony at the preliminary examination was transcribed at the time it was given

and this transcript was incorporated, by reference, into the trial transcript when it was read to the jury. Defendant's contention that a determination cannot be made from the trial transcript as to which portion of the preliminary examination testimony was read at trial is without merit. Our review of the trial transcript leads us to conclude that the entire preliminary examination testimony of Chare Knight was read to the jury.[1] While the better practice may have been to retranscribe the preliminary examination testimony as it was read at the trial, we cannot say that reversible error occurred because this was not done. In this regard, a strong argument could be made that defense counsel waived re-recording by the court reporter of the preliminary examination testimony since the parties obviously had to be aware that the court reporter was not recording the preliminary examination testimony. See, generally, *People v Lee,* 391 Mich 618, 627-631; 218 NW2d 655 (1974).

We also reject defendant's claim that reversal is required because the court reporter failed to transcribe four tape recordings—exhibits #83, #78, #152 and #152A.

To begin with, defendant's assignment of error with regard to exhibits #152 and #152A is without merit in that those tapes were only played in front of her codefendant's jury, not hers.

Exhibit #83 was made by witness Sylvia Perkins and was offered by codefendant Jackson for purposes of impeachment. Defendant's counsel originally objected to this tape's introduction, but

---

[1] Our review of the trial transcript indicates that originally all of Knight's preliminary examination testimony was to be read to the jury except for a long colloquy between the attorneys. However, the trial judge subsequently stated that, at counsel's request, nothing would be deleted from the preliminary examination transcript. During jury deliberations, reference was made to the fact that a colloquy was deleted when Knight's testimony was read to the jury.

withdrew that objection when he was presented with a transcript of the tape recording. Following the playing of exhibit #83, Perkins testified as to the tape's contents.

Exhibit #78 consisted of a phone call made by witness Helen Lohman. This phone call was made by Lohman at the urging of a police officer in an attempt to identify the voice of someone who had been telephoning threats to defendant. Defendant's trial counsel objected to the playing of exhibit #78, but withdrew this objection after the tape was played in court without the jury being present.

Exhibits #83 and #78 are apparently in the possession of the prosecutor who, on appeal, asserts that they were available to defendant upon request but that defendant never requested these exhibits.

On appeal, defendant does not allege any specific prejudice because of the omitted transcription of exhibits #83 and #78. She only raises the lack of transcription as error. Our review of the record indicates that the purposes for which exhibits #83 and #78 were admitted were collateral to a determination of defendant's guilt and both tapes were admitted without objection. Under the facts of this case we do not find that reversal is required because the contents of exhibits #83 and #78 were not transcribed.

Defendant next assigns error to the circumstances surrounding a rereading of Knight's preliminary examination testimony to the jury after the jury had retired for deliberation. More particularly, defendant assigns error to the fact that the rereading of Knight's preliminary examination testimony was not transcribed by the court reporter and to the fact that neither the trial judge

nor defense counsel was present during this re-reading.

In analyzing this issue we note at the outset that the trial judge and counsel agreed as to which portions of the preliminary examination testimony were to be reread to the jury—apparently all of the transcript except for a legal colloquy (which is not specified) by the attorneys at the preliminary examination. Also, although defense counsel was not present at the rereading (because he was involved in another trial) he did provide for other members of his staff (investigators) to be present at the rereading. Finally, no objection to any aspect of this procedure was made at the trial level.

For the reasons stated in our analysis of the first issue, we do not find that reversal is required because the preliminary examination testimony was not recorded when reread to the jury.

As to the absence of the trial judge during the rereading of the preliminary examination testimony, the general rule is that the judge's absence during a trial will not constitute reversible error unless prejudice has resulted to the defendant. See *People v Morehouse,* 328 Mich 689; 44 NW2d 830 (1950), *cert den* 341 US 922; 71 S Ct 739; 95 L Ed 1355 (1950), *People v Clyburn,* 55 Mich App 454; 222 NW2d 775 (1974). In the instant case, the absence of the trial judge occurred during jury deliberations, during which time the jury was reread testimony from an available transcript. Defense counsel agreed to the rereading with knowledge that the trial judge would not be present. On appeal, defendant does not make any specific allegation of prejudice but asserts that the judge was absent during a critical determination of the evidence. In light of trial counsel's failure to

object, we find that defendant has not shown the prejudice necessary to establish reversible error. *Clyburn, supra.*

As to defense counsel's voluntary absence during jury deliberations, we note that defendant has not cited us to any authority which would specifically require reversal.

The responsibility of trial counsel to be in attendance during all stages of a trial is set forth at GCR 1963, 512.4, which provides:

"All court officers, including trial attorneys, shall be responsible to the court for attendance during the trial of a cause until such time as the verdict of a jury is announced, except that a trial attorney may, upon his request, be released by the court from further attendance, or such attorney may designate an associate or other attorney to act for him during the deliberations of a jury."

In the instant case, since defense counsel could not be present, the better practice would have been for him to designate another attorney to take his place during jury deliberations. However, we cannot say that his failure to do so requires reversal. Under the unique facts of the instant case, which involved a mechanical rereading of testimony, agreed to by the trial court and defense counsel, and where defendant apparently was present along with defense "investigators", we do not find reversible error. See *Loose v Deerfield Twp,* 187 Mich 206; 153 NW 913 (1915).

Defendant next argues that the trial court denied defendant a fair trial by handling the jury's request for rereading of testimony during deliberations in an unbalanced manner to the great prejudice of defendant. We disagree. There was no abuse of discretion in the instant case. *People v*

*Howe,* 392 Mich 670; 221 NW2d 350 (1974), *People v Solomon,* 82 Mich App 502, 508; 266 NW2d 453 (1978).

Defendant next argues that reversal is required because certain hearsay testimony was improperly admitted into evidence. No objection was made to this testimony at trial, nor did the defendant request a cautionary instruction. Under these facts, defendant is not entitled to appellate review absent a showing of manifest injustice. *People v Buschard,* 109 Mich App 306; 311 NW2d 759 (1981), *People v Provience,* 103 Mich App 69; 302 NW2d 330 (1981). No such showing has been made in the instant case.

Finally, we have carefully examined defendant's other allegations of error and find that none of them mandate reversal of defendant's conviction for second-degree murder.

Defendant's conviction for conspiracy to commit second-degree murder is vacated. Defendant's conviction for second-degree murder is affirmed.

Affirmed in part; reversed in part.

J. H. Gillis, J. *(concurring in part; dissenting in part).* I agree with the majority opinion in all respects save that portion in which defendant's conviction for conspiracy to commit second-degree murder is set aside. The majority holds that defendant cannot be convicted of conspiracy to commit second-degree murder because such crime is in itself logically inconsistent.

Defendant was not charged with conspiracy to commit second-degree murder. She was charged with conspiracy to commit first-degree murder. The second-degree murder conspiracy instruction was given apparently in order to comply with *People v Jenkins,* 395 Mich 440; 236 NW2d 503

(1975). In *Jenkins,* the Michigan Supreme Court held that in every case in which first-degree murder is charged, the trial court must instruct the jury *sua sponte* and even over objection on second-degree murder.

In the case at bar no objection to the instruction was proffered by defendant. A verdict of guilty of conspiracy to commit second-degree murder was returned by the jury.

Juries are not held to any rules of logic. The Michigan Supreme Court has held that juries are free to render verdicts which are inconsistent. *People v Vaughn,* 409 Mich 463; 295 NW2d 354 (1980). This rule preserves the jury's power to dispense mercy. *Id.,* 466. In light of this rule, coupled with defendant's failure to object to the instruction, I would affirm the conviction.