880 F.2d 1322
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tony David SLUSARSKI, Petitioner-Appellant,
v.
Denise M. QUARLES, Respondent-Appellee.
 No. 88-1683.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1989.
 
 Before WELLFORD and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Tony David Slusarski, a pro se Michigan prisoner, appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea agreement, Slusarski pleaded guilty to kidnapping and first degree criminal sexual conduct (CSC); he was sentenced to life imprisonment on both counts with the court's recommendation that he never again be released into society. His conviction was affirmed by the Michigan Court of Appeals; see People v. Slusarski, No. 77-2624 (Mich.App. Nov. 28, 1977) (per curiam); the Michigan Supreme Court denied discretionary review. In this habeas petition, Slusarski argued that: 1) imposition of a life sentence with a recommendation he never be released violates the eighth amendment prohibition against cruel and unusual punishment; 2) his kidnapping conviction was infirm because the element of asportation was not proven; 3) there was no factual basis established for his plea to the kidnapping charge; 4) the plea agreement was illusory; and, 5) he received ineffective assistance of counsel. The district court denied the petition finding that Slusarski's claims did not warrant habeas relief.
 
 
 3
 Upon review, we affirm the district court's judgment as none of Slusarski's claims are of a constitutional magnitude so as to warrant habeas relief.
 
 
 4
 First, Slusarski argued that the life sentence with a recommendation against parole was excessive because the victim, a seven year old boy, was not physically harmed, the sexual contact was brief, and he received no sexual gratification from the incident. This claim does not warrant habeas relief as the sentence imposed does not constitute cruel and unusual punishment. The life sentences were within statutory limits and were justified given Slusarski's pedophiliac history, the fact he was on parole from a prior sex abuse conviction at the time of the instant offense, and his seeming lack of concern for the possible traumatic effects the incident may have had on the victim. Under these circumstances, we conclude that the sentences are not so grossly disproportionate to the crimes so as to constitute cruel and unusual punishment. See Solem v. Helm, 463 U.S. 277, 289-90 (1983); United States v. McCann, 835 F.2d 1184, 1187-88 (6th Cir.1987), cert. denied, 108 S.Ct. 2004 (1988). Moreover, the court's recommendation against parole is not binding upon the Michigan Parole Board. See MCLA Sec. 791.234(4).
 
 
 5
 Next, Slusarski argued that the kidnapping conviction was infirm because his movement of the victim from the highway to a remote location was insufficient to satisfy the asportation element of kidnapping because the movement of the victim was merely incidental to commission of the CSC. Slusarski's movement of the victim to a secluded location placed the victim in greater danger than that normally associated with commission of the CSC. There was less likelihood that the incident would be witnessed, and thus, a greater possibility the victim would be physically harmed. Under these circumstances, we conclude that legal asportation was established under Michigan law. See People v. Hardesty, 67 Mich.App. 376, 241 N.W.2d 214, 215 (1985) (per curiam).
 
 
 6
 Slusarski also argued that his plea was infirm because the court did not establish a factual basis for the kidnapping charge. This claim does not warrant relief as there is no federal constitutional requirement that a state court establish a factual basis for a guilty plea. See Roddy v. Black, 516 F.2d 1380, 1385 (6th Cir.), cert. denied, 423 U.S. 917 (1975). We also find no merit to Slusarski's claim that the plea agreement was illusory because there was no real bargain as he received two life sentences. Although Slusarski expected a lighter sentence, the state made no promises as to sentence, and did in fact fulfill its promise to dismiss a supplemental recidivist charge and not to pursue any further charges against Slusarski. Petitioner's conviction may not be set aside merely because he miscalculated the likely penalties the court would impose. See Brady v. United States, 397 U.S. 742, 757 (1970).
 
 
 7
 Finally, Slusarski argued that he received ineffective assistance of counsel because counsel failed to convince the court he was not guilty of kidnapping; counsel did not secure his presence at an in-chambers conference regarding the kidnapping charge; and, counsel allowed him to plead to two life offenses in exchange for dismissal of a recidivist charge. Upon review, we conclude that counsel rendered effective assistance. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Counsel vigorously contested the kidnapping charge and in fact convinced the court to hold a hearing on the defense's motion to dismiss the charge. Counsel's performance cannot be considered deficient simply because he lost the argument. Moreover, counsel was not required to secure Slusarski's presence at the in-chambers conference because a defendant has no right to be present during an in-chambers conference to discuss matters of procedure or law. See People v. Clyburn, 55 Mich.App. 454, 460, 222 N.W.2d 775 (1974). Nor was counsel's performance deficient because Slusarski's expectations of a lighter sentence were not realized. Under the circumstances of this case, we conclude that Slusarski's guilty pleas were voluntarily entered upon the advice of competent counsel. See Brady v. United States, 397 U.S. 742 (1970); Boykin v. Alabama, 395 U.S. 238 (1969).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.