NEW PRAGUE FLOURING MILL CO. *v*. HEWETT GRAIN & PROVISION CO.

1. Evidence—Written Contracts—Parol Evidence Inadmissible to Vary Written Contract.

In an action for damages for the breach of a contract for the purchase of a quantity of flour, where the written contract recited that there were no collateral agreements, evidence of a collateral agreement by plaintiff's agent to put on an advertising campaign in certain cities in which defendant did business, *held*, inadmissible.

2. Same — Principal and Agent — Parol Evidence — Agent's Authority to Contract.

Where a contract for the sale of flour showed on its face that the authority of the seller's agent was limited to soliciting, that he had no power to contract, and that an order did not become binding until accepted by the seller, evidence of a collateral oral agreement, of which the seller had no notice, was inadmissible to vary the terms of the written contract.

3. Principal and Agent — Corporations—Agent's Authority — Evidence—Question for Jury.

Testimony that defendant's corporate name was entered

On general rule that parol evidence is inadmissible to vary, add to, or alter a written contract, see note in 17 L. R. A. 270.

in an order for flour, at the top, as purchaser, that it was
signed by H. as buyer, and that H. was the buyer for
defendant, *held*, sufficient, in connection with the corre-
spondence and other evidence, to take to the jury the
question as to whether the order was executed by de-
fendant.

4. DAMAGES—STIPULATED DAMAGES PERMISSIBLE WHERE THEY DO
NOT AMOUNT TO PENALTIES.
    Where the stipulated damages provided for in a contract
    for the sale of flour, in case of its breach by the buyer,
    cannot be said to be so out of the range of actual damages
    as to amount to penalties, there was no error in following
    the rule, in an action against the buyer for damages for
    its breach.

Error to Delta; Flannigan (Richard C.), J.    Sub-
mitted October 5, 1923.    (Docket No. 37.)    Decided
January 25, 1924.

Assumpsit by the New Prague Flouring Mill Com-
pany against the Hewett Grain & Provision Company
for breach of a contract for the sale of flour.    Judg-
ment for plaintiff.    Defendant brings error.    Af-
firmed.

*Ryall & Frost*, for appellant.

*Thomas J. Riley* (*H. L. Hoidale*, of counsel), for ap-
pellee.

BIRD, J.    Plaintiff, a manufacturer of flour, at
New Prague, Minnesota, sold to defendant, on Septem-
ber 20, 1920, 1,000 barrels of flour at $13.45 per barrel.
The order was in writing and signed by defendant and
accepted in writing by plaintiff.    It provided that the
flour should be delivered on or before December 20,
1920.    From time to time between those dates plain-
tiff urged defendant, by letter and telegram, to order
out the flour, but it declined to do so, and, on Decem-
ber 20th, plaintiff forfeited the contract, and com-

puted its damages in accordance with the stipulation for liquidated damages contained in the contract, and demanded payment thereof from the defendant.   It refused, and this suit was commenced to enforce the claim.

The principal defenses were:

(1) That at the time the written contract was made a collateral agreement was made by the agent of plaintiff to put on an advertising campaign in the cities, or some of them, in which defendant did business; that subsequently the plaintiff refused to put on the campaign and, therefore, the defendant refused to accept the flour.

(2) That the proofs do not show that defendant ever executed the order.

(3) That the proper measure of damages was not applied by the court.

(4) A counter-claim for commissions was interposed.

The jury found for plaintiff, but reduced its claim in a small amount by reason of defendant's counter-claim.

1. Defendant attempted to show by parol an oral agreement made with DeSmidt, the agent of plaintiff, to put on an advertising campaign in some of the cities in which defendant did business.   This was objected to, on the ground that it would alter the contract and enlarge the engagement of the plaintiff.   After some discussion the testimony was rejected.   Defendant sought to introduce this testimony on the theory that the contract or order was not to go into effect until the advertising campaign was put on, thereby seeking to bring it within the doctrine of the following cases: *Cleveland Refining Co.* v. *Dunning,* 115 Mich. 238; *Clare County Savings Bank* v. *Featherly,* 173 Mich. 292; *John Hutchison Manfg. Co.* v. *Pinch,* 107 Mich. 12.   We are not impressed that the proffered proofs bring the case within these cases, but we need not determine this question, as we think the proofs were

objectionable on other grounds.    In the written contract we find the following provision:

"There are no representations, guaranties or warranties, except such as may be written on face hereof, if any, *nor any agreements collateral hereto.*"

The oral agreement attempted to be proved by defendant was a collateral agreement.    After agreeing in writing with plaintiff that there were no collateral agreements, it is not clear to us under what theory defendant can be permitted to interpose this defense. If there were an oral agreement that the contract should not be effective until the advertising campaign was put on, it must have been in existence when the contract was signed, and defendant must have known of it.    With the full knowledge that there was such an oral collateral agreement the contract was deliberately executed, stipulating that there was no such agreement.    Under such circumstances defendant should be, and is, estopped from now asserting that there was such an agreement.    *Carney* v. *Hotchkiss,* 48 Mich. 276.

Even if it can be said that this provision is a recital it is binding on the parties if it is relevant to the subject-matter of the contract.    *Hawley* v. *Dibble,* 184 Mich. 298; *City of Minneapolis* v. *Railway Co.,* 115 Minn. 514 (133 N. W. 80) ; 16 Cyc. p. 721.    It is neither consistent nor reasonable for a party to stipulate in its contract that what is true is not true, and then appeal to a court to relieve it of its folly.

But we do not think that this testimony was admissible for another reason.    The agent, DeSmidt, had no authority to contract.    He was simply a solicitor, and defendant had notice of this fact.    The contract recited:

"Only authority of seller's salesman is to sign this contract for and transmit same to seller.    Thereafter all matters must be taken up, in writing, through seller's said office.    This contract shall not bind seller until it has mailed, or placed in the course of trans-

mission by telegram to buyer, at within or known address, its acceptance or confirmation hereof from either its said office, or its branch office at Pittsburgh, Pennsylvania, or DesMoines, Iowa."

This gave defendant ample notice that the agent with whom it was dealing had no power to contract and, therefore, it would follow that if DeSmidt did make such an oral collateral agreement it was of no force, unless afterward accepted by defendant with knowledge of the agreement. Defendant well knew that the only way plaintiff could know what order had been made, and what its provisions were, was what appeared on the face of the order. This order, when it reached plaintiff's home office, was acted on, either favorably or unfavorably. In the instant case it was favorably acted on and accepted only as to what appeared on its face. This lack of authority on the part of plaintiff's agent would furnish ample reason for rejecting the oral agreement.

2. It is argued that the proofs do not show that defendant executed the order or contract. Defendant's name was inserted in the blank order at the top as purchaser, and was signed by Hewett, buyer. It was shown that Hewett organized five different corporations of the same name, except as to the addition of the village or city in which it did business. The company at Escanaba was called the "Hewett Grain & Provision Company of Escanaba." Hewett made purchases for all of his companies. He testified that he signed on behalf of all of his corporations. Weighed off against this testimony was the order itself, together with letters and telegrams to defendant concerning their disagreement in regard to this matter, and no correction or criticism was offered or suggested by defendant to plaintiff for treating defendant as the purchaser. One letter received by plaintiff in regard to this disagreement was signed by defendant in its corporate name. There were some

other items of testimony tending to show the deal was made on behalf of defendant. The court very properly, under all the proofs, submitted the question to the jury.

3. Complaint is made of the rule of damages given to the jury. The rule submitted to the jury was the rule agreed upon by the parties in the contract. This stipulation provided in detail what damages should be recovered, if any, in the event the defendant breached the contract. We do not think the rule agreed upon by the parties was so out of the range of actual damages as that they could be called penalties.

We are of the opinion that the judgment should be affirmed.

CLARK, C. J., and McDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.