PEOPLE v DUBOSE

Docket No. 27190. Submitted February 3, 1977, at Lansing.—Decided
    February 25, 1977.

David Dubose was convicted of delivery of heroin, Washtenaw
    Circuit Court, William F. Ager, J. Defendant appeals, alleging
    that 1) he was entrapped, 2) the trial court should have
    suppressed a tape recording of the transaction in question, 3)
    proper foundations were not laid for admitting the tape record-
    ing and the heroin into evidence, and 4) it was error for a court
    officer, at the view of the crime site, to make an assertion of
    fact to the jury regarding the location of the vehicles when the
    delivery allegedly took place. *Held:*

    1. The defendant was not entrapped into committing the
    offense. A mere offer of an opportunity to commit a crime is
    insufficient to establish entrapment.

    2. The trial court did not err in refusing to suppress a tape
    recording of the transaction which took place with a police
    informant who was carrying a tape recorder.

    3. Proper foundations were laid for the admission of the tape
    recording and the heroin into evidence.

    4. It was error for a court officer, at the view of the crime
    site, to make an assertion of fact to the jury regarding the
    location of vehicles. However, this error was harmless.

    Affirmed.

CRIMINAL LAW — ENTRAPMENT.

    A mere offer of an opportunity to commit a crime is insufficient
    to establish entrapment.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*
Prosecuting Attorney, and *David S. Swartz,* Assist-
ant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 143, 144.

*Raymond G. Mullins,* for defendant on appeal.

Before: D. C. RILEY, P.J., and T. M. BURNS and BEASLEY, JJ.

PER CURIAM. Defendant was jury convicted of delivery of heroin, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a). He was sentenced to three to ten years in prison and appeals as of right.

A police informant purchased heroin from the defendant. The purchase was made with police money and the informant was fitted by the police with a tape recorder and monitoring device during the transaction.

Defendant argues that several errors were made by the trial court.

We find no error in the trial court's conclusion that defendant was not entrapped into committing the offense. GCR 1963, 517.1. A mere offer of an opportunity to commit a crime is insufficient to establish entrapment. *People v Lassen,* 65 Mich App 720; 238 NW2d 384 (1975).

The trial court did not err in refusing to suppress the tape recording of the transaction. The argument extending the warrant requirement to the facts of this case stretches credulity. Otherwise, sufficient exigent circumstances existed to justify the warrantless "search and seizure". See *People v Pulley,* 66 Mich App 321, 328-329; 239 NW2d 366 (1976).

We find no error or abuse of discretion on the part of the trial court in admitting the tape and the heroin into evidence. Proper foundations were laid and questions of the probative quality of the evidence were properly left to the jury. See *People v Kremko,* 52 Mich App 565, 573; 218 NW2d 112 (1974).

It was error for the court officer to make an assertion of fact to a juror regarding the location of vehicles at the view of the crime site. Defendant does not explain and we cannot envision how the error was prejudicial. If there was prejudice, it was cured by the trial court's instructions.

Affirmed.