PEOPLE v PERRY

Docket Nos. 78-620, 78-621. Submitted May 7, 1979, at Lansing.—
Decided June 20, 1979. Leave to appeal applied for.

Ervin Perry was convicted in two separate trials of the delivery
of heroin. Both trials were in Washtenaw Circuit Court, Patrick
J. Conlin, J., presiding. Police officers placed a transmitter and
tape recorder on the person of a police informant who pur-
chased a small quantity of heroin from defendant. The infor-
mant returned at a later date and made a second purchase
from defendant. No search warrant had been obtained authoriz-
ing the police to tape these conversations. The tapes were
played at defendant's trials over his objections. Defendant
appeals. *Held:*

It was reversible error to play the tape recordings into
evidence. A search warrant is required where an informant
records a conversation with a defendant. The intrusion of
privacy incurred is equally present where a participant trans-
mits a conversation to a third party and the defendant is
entitled to the same protection from unreasonable searches and
seizures.

Reversed.

SEARCHES AND SEIZURES — CONVERSATIONS — INFORMANT RECORDINGS
— THIRD-PARTY TRANSMISSIONS — SEARCH WARRANTS.

A search warrant is required where an informant records a
conversation with a defendant; the intrusion of privacy incur-
red where a participant transmits a conversation to a third
party is equally present as where a participant records the
conversation and the defendant is entitled to the same protec-
tion from unreasonable searches and seizures (Const 1963, art
1, § 11).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*

REFERENCE FOR POINTS IN HEADNOTE
68 Am Jur 2d, Searches and Seizures § 31.

Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Charles Drukis,* for defendant on appeal.

Before: D. C. RILEY, P.J., and V. J. BRENNAN and G. W. CROCKETT, JR.,* JJ.

PER CURIAM. Defendant was convicted in two separate trials of delivery of a controlled substance, heroin, contrary to MCL 335.341(1)(a); MSA 18.1070(41)(1)(a). He appeals as of right.

On September 29, 1975, Washtenaw County police officers placed a transmitter and tape recorder on the person of police informant William Bruce O'Neal. O'Neal then went to the 100 block of Ann Street in Ann Arbor where he purchased a small quantity of heroin from defendant. He returned on September 30, 1975, and made another purchase from defendant.. These tapes were played at defendant's trials, over his objections.

In *People v Hall,* 88 Mich App 324; 276 NW2d 897 (1979), this Court relied on *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975), *cert den* 423 US 878; 96 S Ct 152; 46 L Ed 2d 111 (1975), and *People v Livingston,* 64 Mich App 247; 236 NW2d 63 (1975), to hold that a search warrant is required where an informant records a conversation with a defendant. The intrusion of privacy incurred where a participant transmits a conversation to a third party is equally present as where a participant records the conversation. Thus, defendant is entitled to the same protection from unreasonable searches and seizures. Const 1963, art 1, § 11.

Since no search warrant was procured in this

---

* Former Recorder's Court judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

case, it was reversible error to play the tape recordings into evidence. The defendant's convictions must be reversed.