PEOPLE v ARTUSO

Docket No. 78-1832. Submitted June 10, 1980, at Detroit.—Decided
    October 6, 1980. Leave to appeal applied for.

Alfred P. Artuso was convicted of receiving and concealing stolen
    property of a value over $100 in the Wayne Circuit Court,
    Thomas J. Foley, J. Prior to trial, defendant moved to suppress
    a video and audio tape recording of a transaction between
    himself and Federal agents who were running a bogus fencing
    operation. The recording had been made without first obtaining
    a search warrant. The motion was denied. Defendant also
    claimed entrapment, contending that Robinson, a police infor-
    mant, stole a flatbed trailer and then inveigled the defendant
    into selling it for him, appealing to sympathy and their long-
    term friendship. The trial court found no entrapment. Defen-
    dant appeals. *Held:*

    1. A search warrant is required where the police record a
    transaction with a defendant. The evidence should have been
    suppressed.

    2. Michigan has adopted the objective test for entrapment
    which focuses solely on police conduct rather than on the
    individual defendant's predisposition to commit the offense. The
    conduct of the police was not so reprehensible as to constitute
    entrapment.

    Reversed and remanded.

    BASHARA, P.J., dissented. He notes that search warrants are
    not required for participant recording or participant monitor-
    ing of conversations as a matter of Federal constitutional law.

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Searches and Seizures § 36.
[2] 29 Am Jur 2d, Evidence § 320 *et seq.*
    Admissibility under Rule 404(b) of the Federal Rules of Evidence, or
        evidence of other crimes, wrongs, or acts similar to offense
        charged to show preparation or plan. 47 ALR Fed 781.
[3] 29 Am Jur 2d, Evidence § 156.
    Instructing on burden of proof as to defense of entrapment in
        federal criminal case. 28 ALR Fed 767.
[4, 7] 68 Am Jur 2d, Searches and Seizures § 46.
[5, 6] 68 Am Jur 2d, Searches and Seizures § 24.

He would hold that participant recording should not be held to require a search warrant under the Michigan Constitution.

### OPINION OF THE COURT

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — RECORDING TRANSACTIONS.

    A search warrant is required where the police record a transaction with a defendant.

2. EVIDENCE — CRIMINAL LAW — SIMILAR ACTS — ADMISSIBILITY.

    Evidence of similar acts, to be admissible in a criminal prosecution, must be probative of defendant's motive, scheme, plan, system, intent or absence of mistake or accident on his part in doing the act; furthermore, defendant's motive, scheme, plan, system or absence of mistake or accident must be at issue.

3. CRIMINAL LAW — ENTRAPMENT — OBJECTIVE TEST — BURDEN OF PROOF.

    Michigan has adopted the objective test for entrapment which focuses solely on police conduct rather than on the individual defendant's predisposition to commit the offense; a successful claim of entrapment must be proved by a preponderance of the evidence.

### DISSENT BY BASHARA, P.J.

4. CONSTITUTIONAL LAW — SEARCHES AND SEIZURES — CONVERSATIONS — PARTICIPANT RECORDING — PARTICIPANT MONITORING — AMENDMENTS.

    *Search warrants are not required for participant recording or participant monitoring of conversations as a matter of Federal constitutional law (US Const, Ams IV, XIV).*

5. CONSTITUTIONAL LAW — SEARCHES AND SEIZURES — CONVERSATIONS — PARTICIPANT MONITORING — ELECTRONIC DEVICE TRANSMISSIONS — SEARCH WARRANTS.

    *Participant monitoring of a conversation through the use of an electronic device to transmit the exchange of words to a third party requires a search warrant to satisfy the constitutional provision governing searches and seizures in Michigan (Const 1963, art 1, § 11).*

6. SEARCHES AND SEIZURES — CONVERSATIONS — RIGHT OF PRIVACY — PARTICIPANT MONITORING — PARTICIPANT RECORDINGS — DEFINITIONS.

    *Participant recording is distinguishable from participant monitoring; participant monitoring involves simultaneous transmis-*

sions to third parties wherein the participant in a conversation has no control other than to turn off the monitor, everything and anything is automatically and simultaneously disclosed to the uninvited third ear and this is the feature of participant monitoring which makes it particularly offensive; participant recording, on the other hand, does not involve these same concerns, there is no simultaneous disclosure to third parties, the recording merely preserves the conversation in a more reliable form and any disclosures made will be because the participant decided to make them after hearing the conversation.

7. Constitutional Law — Searches and Seizures — Participant Recording.

   Participant recording should not be held to require a search warrant under the Michigan Constitution.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Dianne M. Odrobina,* Assistant Prosecuting Attorney, for the people.

*William R. Stackpoole,* for defendant.

Before: Bashara, P.J., and D. C. Riley and E. A. Quinnell,* JJ.

D. C. Riley, J. Convicted by a jury of receiving and concealing stolen property over the value of $100, contrary to MCL 750.535; MSA 28.803, and sentenced to serve two and one-half to five years in prison, defendant appeals raising three issues which we consider *seriatim.*

Prior to trial, defendant moved to suppress evidence obtained by FBI agents by means of electronic eavesdropping devices. The pretrial evidentiary hearing reveals that Federal agents were running a bogus fencing operation out of a warehouse in Taylor, in which they had installed hid-

* Circuit judge, sitting on the Court of Appeals by assignment.

den audio and video recording equipment. The agents were contacted by members of the Michigan State Police who informed them that there was an individual who would introduce the agents to defendant, who had allegedly been selling stolen merchandise. Shortly thereafter, a meeting was arranged between the informant, Robinson, the defendant and two agents, at which time defendant disclosed that he had access to stolen property, including a flatbed trailer. A price was agreed upon and the following day defendant met with an agent to discuss the details. Soon after, defendant met with the agents at the warehouse and advised them that he had dropped off the trailer. The audio and video tape mechanisms recorded defendant receiving $1,300 and informing the agents that he could deliver stolen meat as well as Dodge pickup trucks.

The trial court denied defendant's motion to suppress, over defendant's objection that no warrant permitting the monitoring was issued, and the tape was played to the jury.

In *People v Beavers*, 393 Mich 554; 227 NW2d 511 (1975), the Supreme Court held that a participant to a conversation could not electronically monitor a conversation which is transmitted to law enforcement officers unless specifically authorized to do so by a search warrant. *Beavers* specifically declined to consider conversations which a participant simply preserves for later dissemination:

"We do not address those situations which include a participant himself *recording* the conversation or the use of an electronic device by a *third party only* to eavesdrop upon a conversation between two parties, one of whom is cooperating with the authorities." (Emphasis in original.) *Beavers, supra, 562-563, fn 2.*

Relying on *People v Livingston,* 64 Mich App 247; 236 NW2d 63 (1975), this Court extended the rationale of *Beavers* in *People v Taylor,* 93 Mich App 292; 287 NW2d 210 (1979), *People v Perry,* 91 Mich App 79, 80; 282 NW2d 14 (1970), and *People v Hall,* 88 Mich App 324; 276 NW2d 897 (1979), holding that the police violate the warrant requirement by failing to procure a warrant prior to recording a conversation that a participant simply preserves for later dissemination. Admittedly, one panel has refused to extend the search warrant requirement to participant monitoring. See *People v Dubose,* 91 Mich App 633; 283 NW2d 644 (1977).[1] However, we are persuaded that the better reasoned analyses which we adopt today is set forth in *People v Perry, supra.*

"The intrusion of privacy incurred where a participant transmits a conversation to a third party is equally present as where a participant records the conversation. Thus, defendant is entitled to the same protection from unreasonable searches and seizures."

Since no search warrant was procured in this case, it was reversible error to play the tape recordings to the jury at trial.

Defendant further asserts that the trial court erred in admitting evidence of similar acts committed by the defendant. The audio portion of the video tape contained statements by the defendant that he could deliver other stolen merchandise. Defendant contends he never placed his intent, motive or scheme in issue and that, therefore, this evidence was inadmissible. MCL 768.27; MSA

---

[1] The author wishes to acknowledge her former position in *People v Dubose.* Having met this issue subsequently in *People v Perry, supra,* however, she is convinced that the rationale in *People v Beavers, supra,* is applicable to the fact situation herein.

28.1050 allows similar acts testimony to be admitted under certain limited circumstances:[2]

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

In *People v Major,* 407 Mich 394; 285 NW2d 660 (1979), the Supreme Court enunciated standards for admissibility of evidence of similar acts. To be admissible, the evidence must be probative of either the statutory or judicial purposes and this purpose must be material or "at issue" in the case. *Major, supra,* 399. Defense counsel placed defendant's intent in issue during opening statement by maintaining defendant was pretending to possess a stolen trailer and pretending to sell the trailer at Robinson's behest. Therefore, it is clear that the evidence was probative not only of defendant's intent but of his motive and plan as well.

We believe that the trial judge adequately considered all aspects of admissibility mandated by

---

[2] See also MRE 404(b), effective March 1, 1978, which now supersedes MCL 768.27; MSA 28.1050:

"Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crime, wrongs, or acts are contemporaneous with, or prior or subsequent to the crime charged."

*Major* and the earlier cases controlling at the time of trial. See *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978). Further, he properly weighed the probative value of the similar acts evidence and found it outweighed its prejudicial effect. See *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976). Therefore, defendant's argument that the testimony was improperly admitted must fail.

Finally, defendant contends he was entrapped because Robinson, the police informant, allegedly supplied him with the contraband, pressured him and played on their friendship to involve him in the sale.

Michigan has adopted the objective test for entrapment which focuses solely on police conduct rather than on the individual defendant's predisposition to commit the offense. *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973). A successful claim of entrapment must be proved by a preponderance of the evidence. *People v D'Angelo,* 401 Mich 167; 257 NW2d 655 (1977), and this Court will not overturn the trial court's ruling unless clearly erroneous. *D'Angelo, supra,* 183.

The facts gleaned from the pretrial evidentiary hearing reveal a conflict in testimony. According to testimony of the FBI agent, defendant had told Robinson he had a trailer he wanted to sell and that he wanted Robinson to find a buyer. Shortly thereafter, the meeting occurred, the deal was struck and the exchange of money at the warehouse transpired.

Defendant offered a different story, contending that, unbeknown to the agents, Robinson had stolen and possessed the trailer himself and inveigled the defendant into making the sale so he might

complete his "deal" with the police. He maintained that Robinson had asked him to sell a trailer Robinson himself had stolen because the prospective customers were friends of his and would "beat him down in price". Further, he contended he neither owned or possessed the trailer but that he knew it was stolen.

The trial court, in finding that the police activity did not constitute entrapment, found specifically that defendant, rather than Robinson, had possession of the trailer and wanted to unload it.

This Court, in *People v Stanley,* 68 Mich App 559; 243 NW2d 684 (1976), held that under some circumstances, if the police supply contraband which is the basis of an illegal sale, entrapment may be found. If the informant supplies the contraband the same result obtains, as the government after using an informant cannot disown his actions. *Stanley, supra,* 564. Reviewing the record, we cannot say the trial court's finding that Robinson did not possess the trailer is clearly erroneous.

In addition, neither Robinson nor the police exhibited the kind of overzealous approach that would mandate a finding of entrapment. See *People v Duis,* 81 Mich App 698; 265 NW2d 794 (1978), *People v Asher,* 67 Mich App 174; 240 NW2d 749 (1976). Although defendant testified he initially repudiated Robinson's offer to sell the trailer, he obliged, by his own admission, after only one or two demands. While appeals to sympathy and exploitation of long-term friendships may also constitute entrapment, *People v Soper,* 57 Mich App 677; 226 NW2d 691 (1975), we believe, on balance, that an appeal to a friend for assistance in order to increase a profit margin in not so reprehensible as to require a finding of entrapment.

Reversed and remanded for proceedings consistent with this opinion.

E. A. QUINNELL, J., concurred.

BASHARA, P.J. *(dissenting)*. I respectfully disagree with the majority holding that *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975), should be extended to include participant recording rather than the more limited participant monitoring upon which *Beavers* was based.

As to the cases cited by the majority from the Court of Appeals, namely, *People v Taylor,* 93 Mich App 292; 287 NW2d 210 (1979), *People v Perry,* 91 Mich App 79; 282 NW2d 14 (1979), and *People v Hall,* 88 Mich App 324; 276 NW2d 897 (1979), I decline to follow their reasoning. Instead, I would rely on the reasoning of Judge DANHOF's dissent in *People v Hall, supra,* and *People v Dubose,* 91 Mich App 633; 283 NW2d 644 (1977).

*People v Beavers, supra,* relied on the dissenting opinion of Mr. Justice Harlan in the plurality decision of *United States v White,* 401 US 745; 91 S Ct 1122; 28 L Ed 2d 453 (1971). Parenthetically, I feel that the *Beavers* Court's reliance on Justice Harlan's opinion was misplaced. However, he did make clear that there is a significant distinction between the defendant's assumption of risk that a participant to a conversation may later repeat it, verbally or via a recorder, and the simultaneous monitoring of a conversation by unknown people who are not a party to the conversation.

*Beavers* was a participant monitoring case. It was based upon the proposition that only those who are a party to the conversation can hear and repeat it. Those facts can be distinguished from the case at bar where the recording was *not* simul-

taneously transmitted to third parties who later
testified to the conversation. See *Lopez v United
States,* 373 US 427; 83 S Ct 1381; 10 L Ed 2d 462
(1963), and *People v Drielick,* 400 Mich 559; 255
NW2d 619 (1977), *cert den* 434 US 1047; 98 S Ct
893; 54 L Ed 2d 798 (1978).

Based upon the foregoing, I would affirm defendant's conviction.