## PEOPLE v BLONDELL SMITH

Docket No. 54085. Submitted April 22, 1981, at Detroit.—Decided August 5, 1981. Leave to appeal applied for.

Blondell Smith was convicted of two counts of armed robbery and possession of a firearm during the commission of a felony, Wayne Circuit Court, Thomas J. Brennan, J. He appeals, alleging that the trial court erred in instructing the jury relative to reasonable doubt, in admitting portions of a preliminary examination transcript and portions of the complainant's written statement, and in instructing the jury that its verdicts must be consistent. *Held:*

1. The record reveals that the trial court properly instructed the jury relative to reasonable doubt. Moreover, defendant failed to object to the instruction during trial, thus precluding appellate review, no manifest injustice having been shown.

2. The trial court properly admitted the complainant's prior, inconsistent statements for purposes of impeachment.

3. The trial court properly instructed the jury relative to the need for consistent verdicts under the then-extant law. The Supreme Court's decision *contra* was released subsequent to the trial court's decision and should not be given retroactive effect.

Affirmed.

1. Witnesses — Impeachment — Prior Inconsistent Statements.

A trial court, in its discretion, may admit portions of a preliminary examination transcript or a statement given to the police by a particular witness to show that the witness's testimony during trial is inconsistent with a prior statement.

2. Appeal — Jury Instructions — Inconsistent Verdicts — New Rules of Law.

The rule recently announced by the Supreme Court that jury

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Witnesses §§ 603, 610.

Mode of proof of testimony given at former examination, hearing or trial for purpose of contradiction or impeachment. 11 ALR2d 89.

[2] 76 Am Jur 2d, Trial §§ 1155-1162.

[3, 4] 20 Am Jur 2d, Courts § 85.

73 Am Jur 2d, Statutes §§ 347-355.

verdicts need not be consistent should not be applied retroactively, and jury instructions in cases decided prior to the announcement of the rule which, consistent with the then-extant law, indicated that jury verdicts must be consistent and that inconsistent verdicts must be set aside unless explained on some rational basis should not be held to provide grounds for reversal on appeal.

3. COURTS — NEW RULES OF LAW — RETROACTIVITY.

Factors to be applied in deciding whether a rule of law as announced in a recent Supreme Court decision should be given retroactive effect are: the purpose of the old rule, the general reliance on the old rule, and the effect of the new rule on the administration of justice.

4. COURTS — NEW RULES OF LAW — RETROACTIVITY.

A rule of law as announced in a recent Supreme Court decision which is not related to a fundamental, substantive right should be given only prospective effect.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and ALLEN and D. C. RILEY, JJ.

ALLEN, J. Defendant was charged in Wayne County Circuit Court in a two-count information with armed robbery MCL 750.529; MSA 28.797, and possession of a firearm during the commission or attempted commission of a felony, MCL 750.227b; MSA 28.424(2). He was convicted by a jury on July 16, 1980, on both counts as charged. Sentenced on July 29, 1980, to a term of from one to six years on the armed robbery conviction with a consecutive two-year term imposed on the felony-firearm conviction, defendant appeals as of

right, raising three issues, the third of which involves a question of first impression.[1]

We disagree with respected counsel's claim that nowhere in the charge to the jury did the trial judge define or explain the term "reasonable doubt". Admittedly, the instructions did not employ the nomenclature contained in the Standard Jury Instructions. But read as a whole, the instructions did comply with CJI 3:1:04. Furthermore, no objection to the instruction was raised during trial, and thus appellate review is precluded unless manifest injustice, which we do not find, is apparent. *People v Dixon,* 84 Mich App 675, 685; 270 NW2d 488 (1978).

The trial court did not err in allowing into evidence two pages of the preliminary examination transcript and a part of a written statement given by the complainant to the police. Defendant assigns error in the admission of such exhibits on grounds that they were prior, consistent statements. We disagree. The prior statements were inconsistent in part with complainant's testimony at trial. Where a witness's testimony during trial is inconsistent with a statement made earlier by that witness, the prior statement may be admitted in rebuttal. 98 CJS, Witness, § 622, p 636. Furthermore, the extent to which a preliminary examination transcript can be admitted for impeachment purposes is within the discretion of the trial court. *People v Bedford,* 78 Mich App 696, 700-701; 260 NW2d 864 (1977). See also *People v Warren,* 65 Mich App 197, 200; 237 NW2d 247 (1975).

We now turn to the question of first impression: did the trial court err in instructing the jury that if they found the defendant guilty of armed rob-

---

[1] In this opinion we discuss the issues in inverse order in which they are presented in defendant's brief.

bery on count I they must find defendant guilty of possession of a firearm in the commission of a felony on count II? The trial court instructed:

"*The Court:* * * * Ladies and gentlemen, your verdict in this case could be on Count One: We find the defendant guilty, or it could be on Count One, we find the defendant not guilty; it could be we find the defendant guilty of the lesser included offense which was robbery unarmed. If you found the second, then, of course, you would find the defendant not guilty of Count Two which is the possession of a firearm in the commission of a felony. If you found that the felony was committed without a gun then, of course, Count Two, you would find the defendant not guilty.

"If you find the defendant guilty as charged, robbery armed on Count One, then you would find the defendant guilty of Count Two because you would have found in Count One that he had possessed a gun and Count Two merely indicates that. Okay."

No objection was made to this instruction.

Prior to our Supreme Court's decision on August 28, 1980, in *People v Vaughn,* 409 Mich 463; 295 NW2d 354 (1980), Michigan courts uniformly had followed the rule that jury verdicts must be consistent and that inconsistent verdicts must be set aside unless they can be explained on some rational basis. *People v Goodchild,* 68 Mich App 226, 237; 242 NW2d 465 (1976), *lv den* 397 Mich 830 (1976), *People v Hager,* 72 Mich App 664, 667; 250 NW2d 754 (1976), *People v Lewis,* 94 Mich App 752, 754; 290 NW2d 73 (1980). In *Vaughn,* defendant was charged in a two-count information with assault with a dangerous weapon (felonious assault) and possession of a firearm during the felonious assault (felony-firearm). The jury returned a verdict of guilty of felonious assault and not guilty of felony-firearm. On appeal, this Court, following

the reasoning in *Goodchild* and its progeny, *supra,* held that the jury verdict was inconsistent and vacated the conviction of felonious assault. *People v Vaughn,* 92 Mich App 742; 285 NW2d 444 (1979). The Supreme Court reversed, saying:

"Juries are not held to any rules of logic nor are they required to explain their decisions. The ability to convict or acquit another individual of a crime is a grave responsibility and an awesome power. An element of this power is the jury's capacity for leniency. Since we are unable to know just how the jurors reached their conclusion, whether the result of compassion or compromise, it is unrealistic to believe that a jury would intend that an acquittal on one count and conviction on another would serve as the reason for defendant's release. These considerations change when a case is tried by a judge sitting without a jury. But we feel that the mercy-dispensing power of the jury may serve to release a defendant from some of the consequences of his act without absolving him of all responsibility." (Footnotes omitted.) 409 Mich 466.

The decision in *Vaughn* was released approximately six weeks after the jury verdict in the instant case. There was evidence that the defendant possessed a gun during the robbery. Thus, while the jury was free to find that no gun was present, they rationally could not find a gun present for purposes of the robbery but not present for purposes of felony-firearm. Consequently, the trial court's instruction was completely in accord with Michigan law at the time the instruction was given. The question now becomes whether the rule in *Vaughn* should be applied retroactively.

Clearly, *Vaughn* did not clarify an existing rule of law. It announced a new rule, namely: inconsistent jury verdicts are now allowed. A new rule of law may be applied either prospectively or retroac-

tively. *Great Northern R Co v Sunburst Oil & Refining Co,* 287 US 358; 53 S Ct 145; 77 L Ed 360 (1932), *People v Gay,* 407 Mich 681, 704; 289 NW2d 651 (1980). In *Linkletter v Walker,* 381 US 618, 629; 85 S Ct 1731; 14 L Ed 2d 601 (1965), the United States Supreme Court set forth three factors to be used in determining whether to apply a new rule retrospectively or prospectively. Our Supreme Court adopted the *Linkletter* approach in *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971) (dealing with the instruction which informs the jury of the treatment of the defendant if he is found not guilty by reason of insanity). The *Hampton* approach has been relied upon numerous times in this state. *People v Young,* 410 Mich 363; 301 NW2d 803 (1981), *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

The key factors applied in *Hampton* are: (1) the purpose of the new rule; (2) reliance on the old rule; and (3) the effect on the administration of justice. Application of the three factors to the instant case leads us to conclude that the new rule should be applied prospectively. The purpose of the rule is to give the jury more freedom in arriving at its verdict. Thus it is more procedural in nature than functionally related to the ascertainment of guilt or innocence. Rules not related to a fundamental, substantive right are given prospective effect. *Hampton, supra,* 677, *Gay, supra,* 706.

The second and third factors of the *Linkletter-Hampton* test point to a prospective application of *Vaughn.* In *People v Rich,* 397 Mich 399; 245 NW2d 24 (1976), the Supreme Court gave prospective effect to the rule announced in *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973), regarding jury instructions on the defense of intoxication as it relates to specific intent. The Court

emphasized the significance of reliance by the trial bench and attorneys on established instructional law.

"The misplaced emphasis of pre-*Crittle* law was corrected in that decision by a unanimous Court. However, if trial courts are to be effectively guided by our appellate pronouncements, a rational dependence on our decisions currently in effect must be encouraged.

"These juries were properly instructed under the law extant; their verdicts must stand." *Rich, supra,* 405.

As noted earlier in this opinion, the trial bench and practitioners of criminal law have relied heavily on the rule announced in *Goodchild, supra,* and followed in numerous decisions. Therefore *Vaughn,* decided subsequent to the date of trial in the case before us, should not be given retroactive effect. The trial judge did not err in giving the instruction.

Affirmed.