PEOPLE v PERRY (ON REMAND)

Docket No. 70124. Submitted May 10, 1983, at Lansing.—Decided May 18, 1983. Leave to appeal applied for.

Mildred V. Perry was charged with first-degree murder and conspiracy to commit first-degree murder. She was convicted of second-degree murder and conspiracy to commit second-degree murder, Wayne Circuit Court, Horace W. Gilmore, J. Defendant appealed and the Court of Appeals affirmed the second-degree murder conviction and vacated the conspiracy conviction, 115 Mich App 533 (1982). Defendant sought leave to appeal and the Supreme Court, in lieu of granting leave to appeal, remanded, 417 Mich 908 (1983), for consideration in light of *People v Gonzales,* 415 Mich 615 (1982). *Held:*

The Supreme Court's holding in *Gonzales* does not require reversal of defendant's second-degree murder conviction. A witness whose memory has been hypnotically refreshed may be permitted to testify to those facts remembered prior to undergoing hypnosis.

Affirmed.

WITNESSES — HYPNOSIS.

A witness whose memory has been hypnotically refreshed may be permitted to testify to those facts remembered prior to undergoing hypnosis.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE

29 Am Jur 2d, Evidence § 831.

Admissibility of hypnotic evidence at criminal trial. 92 ALR3d 442.

Psysiological or psychological trust and deception tests. 23 ALR2d 1306.

ON REMAND

Before: DANHOF, C.J., and J. H. GILLIS and BRONSON, JJ.

PER CURIAM. By order of the Supreme Court dated March 9, 1983, we are required to reconsider this case in light of *People v Gonzales,* 415 Mich 615; 329 NW2d 743 (1982).

In our earlier decision in this case, *People v Perry,* 115 Mich App 533; 321 NW2d 719 (1982), we did not directly address the issue concerning whether the introduction of testimony of a witness whose memory had been hypnotically refreshed constituted reversible error. Instead, we noted that the issue had been addressed in her codefendant's appeal which we had decided earlier. *People v Jackson,* 114 Mich App 649; 319 NW2d 613 (1982). In *Perry,* we indicated that we reached the same result with respect to this issue as we did in *Jackson, supra.*

In *Jackson, supra,* we recognized that another panel of this Court had ruled such evidence inadmissible. *People v Gonzales,* 108 Mich App 145; 310 NW2d 306 (1981). However, we held that a witness who had been hypnotized was not automatically barred from testifying. We stated that such a witness could still be permitted to testify as to those facts remembered prior to undergoing hypnosis.

In *Gonzales, supra,* the Supreme Court initially ruled that, once a witness has undergone hypnosis, he or she thereafter becomes "unavailable as a witness". 415 Mich 627. However, in a supplemental order issued April 25, 1983, the Supreme Court indicated the following with respect to its opinion in *Gonzales, supra:*

"On order of the Court, the Court on its own motion has reconsidered its opinion in this matter. On reconsideration, it is ordered that the following language be added thereto:

" 'This opinion should not be read as determining the question of the admissibility of this witness' testimony concerning facts she was able to recall and relate prior to hypnosis, a question which is reserved until raised on an adequate record in an appropriate case.' " 417 Mich 968 (1983).

In the present case, since the witness indicated at trial that all of the statements she made at trial were those which she made prior to the hypnotic session, we do not believe that *Gonzales, supra,* requires reversal of defendant's conviction.

Affirmed.