PEOPLE v PERRY (ON SECOND REMAND)

Docket No. 85072. Submitted May 22, 1985, at Lansing.—Decided
July 16, 1985. Leave to appeal applied for.

  Mildred V. Perry was charged with first-degree murder and
  conspiracy to commit first-degree murder. She was convicted of
  second-degree murder and conspiracy to commit second-degree
  murder, Wayne Circuit Court, Horace W. Gilmore, J. Defen-
  dant appealed and the Court of Appeals affirmed the second-
  degree murder conviction and vacated the conspiracy convic-
  tion, 115 Mich App 533 (1982). Defendant sought leave to
  appeal and the Supreme Court, in lieu of granting leave to
  appeal, remanded, 417 Mich 908 (1983), for consideration in
  light of *People v Gonzales,* 415 Mich 615 (1982). Upon that
  remand, the Court of Appeals held that *Gonzales* did not
  require reversal of defendant's conviction. 126 Mich App 86
  (1983). Defendant again sought leave to appeal and the Su-
  preme Court, in lieu of granting leave to appeal, again re-
  manded to the Court of Appeals for reconsideration in light of
  *People v Nixon,* 421 Mich 79 (1984). 422 Mich 881 (1985). On
  second remand, *held:*

  If any error occurred, such error was harmless beyond a
  reasonable doubt. Defendant received a fair trial.

  Affirmed.

WITNESSES — HYPNOSIS.

  A witness who has been hypnotized to enhance recollection is not
  automatically precluded from testifying and may be effectively
  cross-examined where testimony is based on facts recalled and
  related prior to being hypnotized; in order to insure that the
  witness's testimony is based solely on such facts, the party
  offering the testimony must establish its reliability by clear and
  convincing evidence.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *John D. O'Hair,* Prose-

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, Witnesses § 438 et seq.
Admissibility of hypnotic evidence at criminal trial. 92 ALR3d 442.

cuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

## ON SECOND REMAND

Before: DANHOF, C.J., and J. H. GILLIS and BRONSON, JJ.

PER CURIAM. By order of the Supreme Court dated May 10, 1985, we once again revisit this case and, as before, affirm defendant's conviction. This Court originally upheld defendant's conviction in *People v Perry,* 115 Mich App 533; 321 NW2d 719 (1982). The case was remanded back to this Court for reconsideration in light of *People v Gonzales,* 415 Mich 615; 329 NW2d 743 (1982). See 417 Mich 908; 330 NW2d 852 (1983). Upon that remand, we held that, "since the witness indicated at trial that all of the statements she made at trial were those which she made prior to the hypnotic session, we do not believe that *Gonzales, supra,* requires reversal of defendant's conviction". *People v Perry (On Remand),* 126 Mich App 86, 88; 337 NW2d 324 (1983).

The present remand order instructs that we reconsider our second opinion in light of *People v Nixon,* 421 Mich 79; 364 NW2d 593 (1984). 422 Mich 881; 367 NW2d 68 (1985). In *Nixon,* the Supreme Court held that a witness may testify at trial based upon facts recalled and related prior to hypnosis. While we noted in our previous holding that the witness had made the same statements prior to hypnosis, it is arguable whether her testimony alone to that effect constituted clear and convincing evidence of reliability, as required by

*Nixon, supra,* p 90. However, we affirm defendant's conviction on the ground that error, if any, was harmless beyond a reasonable doubt.

The challenged testimony concerned Christine Brandon's recitation of conversations with defendant about the latter's arrangement to have her husband "beat up". This testimony was cumulative to other testimony presented at trial. The preliminary examination testimony of co-defendant Knight, in which Knight testified as to the arrangement made with defendant to kill her husband, was introduced at trial. There was also testimony from three other witnesses concerning warnings and/or threats by defendant regarding the killing of her husband and meetings between her and the assailants. Of most importance, the evidence against defendant was quite substantial. As in *Nixon, supra,* p 92, the most damaging evidence against defendant was the testimony of Knight, a co-conspirator, which fully revealed defendant's involvement. Under these circumstances, defendant received a fair trial and error, if any, in the admission of Brandon's testimony was harmless.

Affirmed